# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-2463

_____

| | | |
|---|---|---|
| Alelia I. Stewart, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Professional Computer Centers, Inc., | * | |
| doing business as Connecting Point | * | |
| Computer Centers, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: April 14, 1998
Filed: June 26, 1998

_____

Before BOWMAN, Chief Judge,[1] McMILLIAN and MURPHY, Circuit Judges.

_____

MURPHY, Circuit Judge.

This appeal involves whether the parties intended that an offer of judgment under Fed. R. Civ. P. 68 was to include attorney fees and costs. After Alelia I. Stewart filed sex and age discrimination claims, her former employer Professional Computer Centers, Inc. (doing business as Connecting Point Computer Centers), made an offer of judgment in the amount of $4,500. Stewart accepted Connecting Point's offer, and

_____

[1]The Hon. Pasco M. Bowman became Chief Judge of the United States Court of Appeals for the Eighth Circuit on April 18, 1998.

judgment was entered. Stewart then moved for attorney fees and costs. A magistrate judge, presiding with the consent of the parties, granted the fees motion. Connecting Point appeals on the ground that its lump sum offer was intended to cover everything sought in the complaint. We reverse and remand.

Connecting Point's initial offer stated only that upon its acceptance judgment would be entered "against Defendant in the amount of FOUR THOUSAND FIVE HUNDRED AND No/100 DOLLARS ($4,500.00) as provided in Rule 68," and Stewart asked that it clarify what was included in the offer. Connecting Point then provided a somewhat fuller statement that "judgment be entered on any or all counts against Defendant in a total amount not to exceed FOUR THOUSAND FIVE HUNDRED AND No/100 DOLLARS ($4,500.00) as provided in Rule 68." At the time of the offer the amended complaint contained three counts, each of which pled that Stewart had "incurred liability for attorney's fees, costs, and other expenses" and two of which requested judgment in her favor for "[c]osts and expenses of this action, including reasonable attorney's fees."

On the same day that Stewart accepted the offer, she also notified Connecting Point in writing that she would be seeking attorney fees as "costs then accrued" under Fed. R. Civ. P. 54. She filed her fees motion soon thereafter.[2] Connecting Point opposed the fees motion and moved to alter or amend the judgment under Fed. R. Civ. P. 59(e) or to vacate the judgment under Fed. R. Civ. P. 60(b)(1). Connecting Point argued that its offer of judgment included any and all attorney fees and costs and that Stewart's motion for attorney fees should be treated as a Rule 59 motion.

---

[2]The motion for fees estimated that the actual amount of the request would be $25,000, but Stewart later submitted documentation for a total of $30,969.88 in fees and costs.

The district court granted the motion for attorney fees and denied Connecting Point's postjudgment motions. The court held that Stewart was entitled to fees and costs as a prevailing party. It interpreted <u>Marek v. Chesny</u>, 473 U.S. 1, 9 (1985), to require the addition of costs to the judgment because Connecting Point's offer had not specified that it included costs or an amount for costs. The court declined to amend the judgment to include the language from the complaint requesting attorney fees and costs or to vacate the judgment because there had been no meeting of the minds on the specifics of the offer.

Connecting Point argues on appeal that its lump sum offer of judgment covered everything Stewart sought in any and all counts of her complaint and that the complaint mentioned attorney fees as an element of recovery and specifically asked for fees and costs in the discrimination counts. Connecting Point claims its offer was clear and notes it specifically referred to all counts pled. Alternatively it argues that if Stewart had not understood its offer included fees, there was no meeting of the minds to create a binding agreement. It concludes that therefore the judgment should be limited to a total of $4,500 or it should be vacated to place the parties where they were before any misunderstanding arose.

Stewart responds that the offer of judgment did not contain a specific reference to attorney fees or costs and that the district court therefore had the discretion to award fees in addition to the $4,500 judgment. She further argues that there is no evidence in the record beyond the offer of judgment itself regarding the intent of the parties and that Connecting Point has not established a right to relief under either Rule 59 or Rule 60.

Principles of contract law are applied to test whether there has been a valid offer and acceptance under Rule 68. <u>See</u> <u>Radecki v. Amoco Oil Co.</u>, 858 F.2d 397, 399 (8th Cir. 1988). In order to create a binding agreement there must have been an objective manifestation of mutual assent. This can be inferred from external indications reflecting

thoughts and intentions of the parties which show a "meeting of the minds." See 1 Corbin on Contracts § 4.13 (Rev. ed. 1993); see also Radecki, 858 F.2d at 400 (applying this principle to Rule 68 offers and acceptances and citing other cases). There is no binding agreement if "the parties attach materially different meanings to their manifestations and . . . neither party knows or has reason to know the meaning attached by the other." Restatement (Second) of Contracts § 20(1)(a) (1981).

Here the parties had a relatively simple agreement, but one which was open to more than one interpretation. When asked exactly what counts or relief the offer covered, Connecting Point replied that it was offering $4,500 for entry of judgment on any and all counts, and the counts in Stewart's complaint requested attorney fees. Although Connecting Point argues it intended to include attorney fees in its lump sum offer of judgment, Stewart apparently interpreted the offer to permit her to seek fees in addition and notified Connecting Point of this in writing on the same day that she accepted its offer. Cf. Trnka v. Elanco Prod. Co., 709 F.2d 1223, 1226 (8th Cir. 1983) (subsequent conduct showed objective manifestation of mutual assent). No mutual assent was shown to the same terms so there was no valid offer and acceptance under Rule 68.

Stewart seeks to prove her entitlement to fees in addition to the lump sum by relying on language from Marek v. Chesny, 473 U.S. 1, 6 (1985):

> If an offer recites that costs are included or specifies an amount for costs, and the plaintiff accepts the offer, the judgment will necessarily include costs; it the offer does not state that costs are included and an amount for costs is not specified, the court will be obliged by the terms of the Rule to include in its judgment an additional amount . . . to cover costs.

The cited language was not part of the basis for the court's holding in Marek, however, but was used to illustrate the flexibility a defendant has in wording a valid Rule 68 offer of judgment. Moreover, the language does not describe the facts of this case, and

Marek does not control the outcome. Here the offer could be read to include attorney fees because of the reference to a total payment to cover "any or all counts" of the complaint. Cf. Rateree v. Rockett, 668 F.Supp. 1155 (N.D. Ill. 1987). The offer did not explicitly state that fees were included in it, but each count in the complaint did include attorney fees and Connecting Point clarified that its payment covered all counts. On the other hand, Stewart announced that she would seek attorney fees on the same day she communicated her acceptance. Under these circumstances, no manifestation of mutual assent can be found.

Since there was no valid offer and acceptance under Rule 68, exceptional circumstances justify relief from the judgment under Rule 60(b) and the motion to vacate should have been granted. See Atkinson v. Prudential Property Co., 43 F.3d 367, 373 (8th Cir. 1994); Buckeye Cellulose Corp. v. Braggs Elec. Construction Co., 569 F.3d 1036, 1038 (8th Cir. 1978). The judgment is vacated and the case is remanded to allow withdrawal of the offer of judgment, return of the sum paid, and further proceedings consistent with this opinion.[3]

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[3]Stewart's motion to strike portions of appellant's appendix and of the statement of facts in its brief is dismissed as moot since these sections have not been relied on in consideration of the appeal.