**A. Eugene NORDBY, Plaintiff–Appellant/Cross–Appellee,**

v.

**ANCHOR HOCKING PACKAGING COMPANY, Defendant–Appellee,**

and

**Johnson & Bell, Ltd., Cross–Appellant.**

**Nos. 98–4161, 99–1146.**

United States Court of Appeals, Seventh Circuit.

Argued Nov. 3, 1999.

Decided Dec. 2, 1999.

Stanley J. Adelman, Tracy L. Bradford (argued), Piper, Marbury, Rudnick & Wolfe, Chicago, IL, for plaintiff-appellant.

Joseph R. Marconi (argued), Johnson & Bell, Chicago, IL, for defendant-appellee.

Before POSNER, Chief Judge, and COFFEY and ROVNER, Circuit Judges.

POSNER, Chief Judge.

Rule 68 of the Federal Rules of Civil Procedure authorizes a defendant to make an offer of judgment "for the money ... specified in the offer, with costs then accrued." If the plaintiff refuses the offer and goes on to win at trial but wins less than the amount of the offer, the plaintiff must pay the costs incurred by the defendant from the time of making the offer. If, as in this case—a suit by a sales representative for breach of contract and statutory violations—the plaintiff accepts the offer within ten days, judgment is entered for him.

The offer here was for "judgment in the amount of $56,003.00 plus $1,000 in costs as one total sum as to all counts of the amended complaint." One of the counts of the complaint was for violation of the Illinois Sales Representative Act, 820 ILCS 12% et seq. The Act expressly provides for an award of reasonable attorneys' fees to the sales representative whose rights under the Act have been violated, 820 ILCS 12%, and so the count that is based on the Act expressly requested attorneys' fees as well as damages.

The plaintiff accepted the defendant's Rule 68 offer and then moved the district court for an award of attorneys' fees pursuant to the Illinois Act. The court turned him down on the ground that the offer that he had accepted was inclusive of attorneys' fees.

In the case on which the plaintiff primarily relies, *Webb v. James,* 147 F.3d 617, 623 (7th Cir.1998), this court held that any ambiguities in a Rule 68 offer must be resolved against the defendant, that is, the offeror, not only because the defendant

drafted the offer but also because the plaintiff is being asked to give up his right to a trial. See also *Gavoni v. Dobbs House, Inc.*, 164 F.3d 1071, 1076 (7th Cir. 1999). We add that an ambiguous offer places the plaintiff in an uncomfortable position. Not knowing the actual value of the offer, he can't make an intelligent choice whether to accept it—and there are consequences either way. For unlike the case of an ordinary contract offer, the offeree cannot reject it without legal consequences, since if he rejects it and then doesn't do better at trial he has to pay the defendant's post-offer costs. 12 Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 3002, pp. 94–96 (2d ed.1997).

■ The offer in *Webb* was "of judgment in the above captioned matter in the amount of Fifty Thousand Dollars ($50,-000)." 147 F.3d at 619. It was unclear whether attorneys' fees were included, since such fees are often sought as an add-on to the judgment. That is the basis of the rule that the judgment and the award of attorneys' fees are separate appealable orders. E.g., *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202–03, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988); *In re Stoecker*, 5 F.3d 1022, 1026 (7th Cir.1993); *Kirkpatrick v. Shaw*, 70 F.3d 100, 102 n. 1 (11th Cir.1995) (per curiam). In other words, "judgment" can mean either the substantive relief ordered (whether legal or equitable), or that plus attorneys' fees. The defendants in *Webb* failed to indicate which they meant, and this made their offer ambiguous.

■ There is no ambiguity here. "[O]ne total sum as to all counts of the amended complaint" can only mean one amount encompassing all the relief sought in the counts. One of those counts specified attorneys' fees as part of the relief sought. That relief was covered by the offer. We are mindful that *Stewart v. Professional Computer Centers, Inc.*, 148 F.3d 937 (8th Cir.1998), held that an ambiguous offer that the defendant then clarified by offering judgment "on any or all counts against Defendant in a total amount not to exceed $4,500"—and some of the counts requested attorneys' fees, just as in this case—was nevertheless incurably ambiguous. But the ambiguity lay not in the terms of clarification but in the fact that the plaintiff had coupled its acceptance of the offer with a request for attorneys' fees. This led the court to conclude that the plaintiff may not have understood the offer to be inclusive of attorneys' fees. If the request for fees was deemed a part of the plaintiff's "acceptance," then it was not an acceptance but a counteroffer, which Rule 68 does not authorize and which in any event was not accepted. See also *Radecki v. Amoco Oil Co.*, 858 F.2d 397 (8th Cir. 1988); *Johnson v. University College*, 706 F.2d 1205, 1209 (11th Cir.1983).

We need not decide whether we agree that the plaintiff's acceptance of the defendant's Rule 68 offer in *Stewart* was really a counteroffer, a characterization rendered doubtful by the fact that the acceptance and the fee demand were not simultaneous. The important thing is that the *Stewart* line of cases approaches the interpretation of a Rule 68 offer and acceptance as an issue of contract law, and so approached there is no doubt that by accepting the defendant's offer the plaintiff in our case abandoned any right to seek attorneys' fees for which he had asked in any of the counts of his complaint. He accepted an unambiguous offer, and there is no argument that the acceptance was really a counteroffer.

Granted, the contract-law analogy is just that, an analogy, for the reason stated earlier: the consequences of rejecting a Rule 68 offer are more serious than those of rejecting an ordinary contract offer. But the appropriate adjustment is to insist that the Rule 68 offer be completely unambiguous, not that it use the magic words "attorneys' fees."

We might have a different case if instead of seeking an award of attorneys'

fees specified in one of the counts, the plaintiff were seeking an award of fees under a statute or rule or common law principle not cited in any of the counts of the complaint, authorizing an award of fees to a prevailing party. Then it would be arguable that the reference to "one total sum as to all counts" did not include such an award. But the only attorneys' fees being sought here are those authorized by the count that charges a violation of the Illinois Sales Representative Act. And even a request for an award of fees "off count," that is, for an award of fees under a rule or statute or doctrine not mentioned in any of the counts of the complaint, would not have availed the plaintiff here if the rule or statute or doctrine made attorneys' fees awardable as "costs," since the defendant's Rule 68 offer capped costs at $1,000. In short, if the fees that the plaintiff is seeking in this case are part of the substantive relief they are covered by the part of the Rule 68 offer that refers to the judgment, and if they are part of the costs that the plaintiff is seeking then they are covered by the part of the offer that refers to costs.

■ We reaffirm the holding of *Webb* that ambiguities in Rule 68 offers are to be resolved against the offerors. But we reject a magic-words approach suggested in some cases, such as *Nusom v. Comh Woodburn, Inc.*, 122 F.3d 830, 833–34 (9th Cir.1997), in favor of an approach well illustrated by *Arencibia v. Miami Shoes, Inc.*, 113 F.3d 1212 (11th Cir.1997) (per curiam), that gives effect to an unambiguous offer even if it does not mention attorneys' fees explicitly. (The prudent defendant, however, *will* mention them explicitly, in order to head off the type of appeal that we have been wrestling with here. Cf. *Fletcher v. City of Fort Wayne*, 162 F.3d 975, 977–78 (7th Cir.1998).) We agree with the district judge that there was no ambiguity and also that the sanctions challenged in the cross-appeal were properly assessed. The judgment is therefore

Affirmed.