# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2048

_____

| | | |
|---|---|---|
| Caroline Hennessy, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Western |
| Daniels Law Office; | * | District of Missouri. |
| Richard S. Daniels, Jr., | * | |
| | * | |
| Appellees. | * | |

_____

Submitted:  September 14, 2001

Filed:  November 2, 2001

_____

Before BOWMAN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge

Caroline Hennessy appeals following the district court's denial of her motion for costs and attorney's fees in this suit under the Fair Debt Collection Practices Act (FDCPA), *see* 15 U.S.C. §§ 1692-1692o.  We reverse.

Ms. Hennessy filed suit against the Daniels Law Office and Richard Daniels, Jr. (referred to collectively as Daniels) alleging violations of the FDCPA in relation to the collection of a student loan.  Daniels tendered an offer of judgment for $1,000 under Fed. R. Civ. P. 68.  Ms. Hennessy accepted the offer, and the district court

entered judgment. After the district court denied Ms. Hennessy's subsequent motion for costs and attorney's fees, Ms. Hennessy filed a motion to alter or amend, *see* Fed. R. Civ. P. 59(e), which the district court also denied. On appeal, Ms. Hennessy contends that she is entitled to attorney's fees, but she has not briefed, and we therefore do not address, the issue of costs.

In denying Ms. Hennessy's motion for attorney's fees, the district court reasoned that the offer of judgment included attorney's fees, and that Ms. Hennessy was not entitled to move separately for them because attorney's fees are an element of damages to be proved at trial. The plain language of the statute does not say so, however, and instead provides for attorney's fees in addition to damages. *See* 15 U.S.C. § 1692k(a). We thus conclude that the district court erred in its interpretation of the statute. *See Savino v. Computer Credit, Inc.*, 164 F.3d 81, 87 (2nd Cir. 1998); *Zagorski v. Midwest Billing Services, Inc.* 128 F.3d 1164, 1166 (7th Cir. 1997) (per curiam).

The issue in this case therefore becomes whether Daniels's offer of judgment should be construed to include or exclude attorney's fees. An offer of judgment is generally treated as an offer to make a contract. *See Radecki v. Amoco Oil Co.*, 858 F.2d 397, 400 (8th Cir. 1988). Daniels's offer stated that the defendants offered "judgment in the amount of One Thousand Dollars ($1,000.00)." As the Seventh Circuit has observed, the word "judgment," standing alone, "can mean either the substantive relief ordered (whether legal or equitable), or that plus attorneys' fees." *Nordby v. Anchor Hocking Packaging Co.*, 199 F.3d 390, 392 (7th Cir. 1999). Accordingly, Daniels's offer was ambiguous.

Two of our previous cases have involved ambiguous offers of judgment under Rule 68 and what to do with them. In *Radecki*, after the plaintiff and the defendant entered settlement negotiations and discussed various offers that were to cover both the substantive claim and attorney's fees, the defendant made an offer of judgment

that contained no explicit mention of fees. *See* 858 F.2d at 399. Prior to acceptance, the defendant stated that the offer was intended to include attorney's fees. The plaintiff then purported to accept the offer in its original form, while simultaneously maintaining that she was entitled to a separate award of attorney's fees. *See id.*

In *Stewart v. Professional Computer Ctrs., Inc.*, 148 F.2d 937, 938 (8th Cir. 1998), the defendant's offer of judgment similarly failed to make specific mention of attorney's fees. After the plaintiff asked the defendant to clarify what was included in the offer, the defendant stated that the amount was for the total judgment on any and all counts, and the counts in the complaint specifically included attorney's fees. *See id.* at 938, 939. The plaintiff then purported to accept the original offer, but at the same time she notified the defendant that she would seek an additional award of attorney's fees from the court. *See id.* at 938.

In both *Radecki* and *Stewart*, we concluded not only that the offer of judgment was ambiguous, but that the mutual assent necessary to form an enforceable agreement was absent, that is, that there was no acceptance of the offer as tendered. *See Radecki*, 858 F.2d at 400, 403; *Stewart*, 148 F.3d at 939. In both cases, the lower court's entry of judgment was therefore vacated and the case was remanded for further proceedings. *See* 858 F.2d at 403; 148 F.3d at 940. We conclude that the present case is different, because it involves no ambiguity as to whether the offer was accepted: Daniels made an offer and Ms. Hennessy simply accepted it, without question or qualification, just as it was written. It is true, as we have said, that Daniels's offer itself was ambiguous, but the offer was unambiguously accepted, and thus an enforceable agreement was formed.

It is a longstanding principle of contract law that, absent parol evidence as to the meaning of an ambiguous term, ambiguous terms of a contract are construed against the drafter of the contract. *See Webb v. James*, 147 F.3d 617, 623 (7th Cir. 1998). Since Daniels drafted the offer, and the parties offered no extrinsic evidence

with respect to the meaning of the offer, we construe the ambiguity in the contract against Daniels, and hold that Daniels is liable for attorney's fees.

We therefore reverse the district court's judgment, and we remand for an award of reasonable attorney's fees.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.