**Tara L. PELKOWSKI, Plaintiff–Appellant,**

v.

**HIGHLAND MANAGED CARE GROUP, INC., Defendant–Appellee.**

No. 01–2335.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 29, 2002.

Decided Aug. 9, 2002.

Before COFFEY, KANNE, and WILLIAMS, Circuit Judges.

**ORDER**

Tara Pelkowski sued Highland Managed Care Group for pregnancy discrimination. 42 U.S.C. § 2000e(k). After the district court denied Highland's summary judgment motion, Highland made an offer of judgment to Pelkowski for $30,000 under Rule 68 of the Federal Rules of Civil Procedure. That rule permits a defendant to make an offer of judgment "for the money ... specified in the offer, with costs then accrued." Pelkowski accepted the offer, and her counsel, Ernest Rossiello, to whom she assigned her statutory right to attorneys' fees, subsequently moved for fees, which under 42 U.S.C. § 2000e–5(k) are considered "costs" for purposes of Rule 68. *See Marek v. Chesny*, 473 U.S. 1, 9, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985); *Webb v. James*, 147 F.3d 617, 622 (7th Cir.1998). The district court denied the motion, concluding that the offer included fees. Rossiello appeals, and we affirm.

Highland's Rule 68 offer of judgment (which Highland acknowledges was hastily drafted) reads in relevant part: "That on the Complaint of Plaintiff, Tara Pelkowski ("Pelkowski"), Musachia [sic] shall receive judgment in his [sic] favor and against Medtronic [sic] in the amount of Thirty Thousand Dollars ($30,000.00)." The offer also includes some liability-limiting language:

> [T]he entry of the aforesaid judgment amount shall be in full and complete settlement, satisfaction, release and discharge of any and all claims which Musachia [sic] has asserted or could have asserted in connection with this action, and Pelkowski shall neither have, take or seek to claim anything further from Highland in connection with any issue(s)

whatsoever that relate in any manner to the instant litigation.

In her complaint Pelkowski specifically requested as relief "costs ... and attorney's fees, as provided by Title 42 § 2000e–5(k)."

Pelkowski accepted Highland's offer, and Rossiello subsequently moved for attorneys' fees. Relying on *Nordby v. Anchor Hocking Packaging Co.*, 199 F.3d 390 (7th Cir.1999), the district court concluded that the offer unambiguously covered all the relief Pelkowski sought in her complaint (including fees) and denied the motion. Rossiello then filed an "Amended Motion for Attorneys' Fees," which the district court construed as a motion for reconsideration under Fed.R.Civ.P. 59(e) and denied it.

On appeal Rossiello asserts that Highland's offer is ambiguous because it is silent as to the issue of fees. In support of that assertion, Rossiello relies on our holding in *Webb*, 147 F.3d at 623, that ambiguities in a Rule 68 offer are to be construed against the drafter.

Rossiello's argument is unpersuasive. In *Nordby* we found that a similarly-worded offer included fees even though there was no explicit mention of fees. 199 F.3d at 392–93. We observed that a prudent defendant will mention fees explicitly, but we refused to adopt the "magic-words" approach Rossiello urges on appeal. *Id.* at 393. Like the offeror in *Nordby*, Highland otherwise made clear that the offer included fees. Pelkowski requested fees in her complaint, and the offer specifically provides that Pelkowski would receive judgment in the amount of $30,000 *on the complaint*. The offer therefore covers the fees Pelkowski sought in her complaint. *See id.* at 392. The liability-limiting language Highland included in the offer only reinforces this conclusion. The offer clearly states that it covers "any and all claims," and bars Pelkowski from seeking any further relief from Highland in connection with any issues whatsoever. Based on the unambiguous language of the offer, we conclude that the district court properly denied Rossiello's motion for fees.

AFFIRMED.