Rebekah **MCCAIN**, Plaintiff,

v.

**DETROIT II AUTO FINANCE CENTER, INC., Bank One, NA, Defendants.**

No. 02–CV–70855–DT.

United States District Court,
E.D. Michigan,
Southern Division.

Oct. 4, 2002.

---

Ian B. Lyngklip, Southfield, MI, for Plaintiff.

Elizabeth Martin, Southfield, MI, John A. Kullen, Bloomfield, MI, for Defendants.

## OPINION AND ORDER DENYING PLAINTIFF'S PETITIONS FOR COSTS AND ATTORNEY FEES

DUGGAN, District Judge.

Plaintiff Rebekah McCain brought suit against Defendants Detroit II Auto Finance Center, Inc. and Bank One, NA, alleging violations of the Truth In Lending Act, 15 U.S.C § 1601, *et seq.*, Equal Credit Opportunity Act, 15 U.S.C. § 1691, Michigan Consumer Protection Act, M.C.L. § 445.901, *et seq.*, and the Michigan Credit Reform Act., M.C.L. 445.1851, *et seq.* Each of these statutes provides for the award of attorney fees to a prevailing plaintiff.[1] Pursuant to FED.R.CIV.P. 68[2], Defendant extended an Offer of Judgment to Plaintiff dated July 12, 2002. Plaintiff accepted the Offer of Judgment and an Order of Judgment was entered against Defendant on July 22, 2002 by this Court in the amount of $3,000.00. Plaintiff now has petitioned for an award of attorney fees and taxation of costs.

On review, the Court determines that Plaintiff's Petitions for Attorney Fees and Taxation of Costs should be denied. Defendant Detroit II's Offer of Judgment states in its entirety:

### OFFER OF JUDGMENT

NOW COMES, the Defendant, Detroit II Auto Finance Center, Inc, [sic] by and through its attorney, Howard Alan Katz, and presents the following offer of judgment pursuant to FRCP 68. The defendant, Detroit II Auto Finance Center, Inc, [sic] offers to the Plaintiff, Rebekah McCain, the amount of three thousand dollars ($3000.00) as to all claims and causes of actions for this case.

(Def.'s Resp. Exhibit A). Defendant argues that the Offer of Judgment is clear and unambiguous in that the amount offered was "to all claims and causes of actions for this case." (Def.'s Resp. ¶ 11). Since Plaintiff included in her complaint a claim for costs and attorney fees in either the individual counts or request for relief, Defendant argues that Plaintiff is now precluded from seeking costs or attorney fees in addition to the amount stated in the Offer of Judgment. (Def.'s Resp. ¶ 11).

---

1. Truth in Lending Act, fees awarded under 15 U.S.C. § 1640(a)(3); Equal Credit Opportunity Act, fees awarded under 15 U.S.C. § 1691e(c); Michigan Consumer Protection Act, fees awarded under M.C.L. § 445.911(2); Michigan Credit Reform Act, fees awarded under M.C.L. 445.1861(1)(d).

2. FED.R.CIV.P. 68 provides that: "At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued." If the plaintiff rejects the offer and subsequently receives a judgment less favorable than the offer, plaintiff is liable for costs incurred after the making of the offer.

Plaintiff cites three cases in support of her Petition for Attorney Fees, *Webb v. James*, 147 F.3d 617 (7th Cir.1998); *Hennessy v. Daniels Law Office*, 270 F.3d 551 (8th Cir.2001); and *Nusom v. Comh Woodburn, Inc.*, 122 F.3d 830 (9th Cir.1997). The Court finds that all three cases are distinguishable from the case at bar and that none support Plaintiff's position.

The Court believes that *Nordby v. Anchor Hocking Packaging Co.*, 199 F.3d 390 (7th Cir.1999) is most analogous to the case at bar.

In *Nordby*, the defendant's offer of judgment was for "judgment in the amount of $56,003.00 plus $1,000 in costs as one total sum as to all counts of the amended complaint." *Id.* at 391. One count in the complaint alleged violations of the Illinois Sales Representative Act and the count expressly requested damages and attorney fees as permitted under the statute. *Id.* at 392. Plaintiff accepted the offer of judgment and then moved for attorney fees. The district court denied the request because the offer of judgment was deemed to be inclusive of attorney fees. *Id.* at 391. On appeal, the Seventh Circuit affirmed.

In *Nordby*, the plaintiff also relied on *Webb v. James*, but the Seventh Circuit distinguished *Webb*, noting that there was no ambiguity in defendant's offer of judgment. " 'One total sum as to all counts of the amended complaint' can only mean one amount encompassing all the relief sought in the counts. One of those counts specified attorneys' fees as part of the relief sought. That relief was covered by the offer." *Id.* at 392. In *Nordby*, the court demonstrates a willingness to utilize an approach that "gives effect to an unambiguous offer even if it does not mention attorneys' fees explicitly." [3] *Id.* at 393.

Unlike the offers of judgment in the cases cited by Plaintiff, in *Blumel v. Mylander*, 165 F.R.D. 113 (M.D.Fla.1996), the court had before it an offer of judgment very similar to Defendant Detroit II's Offer of Judgment. *Blumel* involved an offer of judgment from defendant in the sum of $501.00 "to settle all pending claims against him" pursuant to a § 1983 action. *Id.* at 115. Plaintiff accepted the offer of judgment and judgment was entered and costs taxed against the defendant. *Id.* Then, plaintiff moved for attorney fees. *Id.* The court found that the offer of judgment was a valid lump sum offer and that the "all pending claims" language "clearly reflect[s] the offeror's intent for a final and complete settlement." *Id.* at 116. The court denied plaintiff's motion for attorney's fees and vacated the taxation of cost judgment. *Id.*

The Court is satisfied that the offer of judgment in the case at bar is sufficiently clear. By its terms, the Defendant made an offer of judgment of $3,000.00 "as to all claims and causes of actions for this case." In her amended complaint, under Count I (Truth In Lending Act) plaintiff alleges that "Detroit II is liable to plaintiff for actual and statutory damages to be determined at trial, costs, and statutory attorney fees in accordance with 15 U.S.C. § 1640." (Pl.'s Amended Comp. ¶ 43).

In addition, although not specifically mentioned in the individual counts, Plaintiff's Request for Relief in her Amended Complaint requests costs and attorney fees for violations of the Michigan Consumer Protection Act, Equal Credit Opportunity Act, and the Michigan Credit Reform Act. Given this, there is no reason to conclude that Plaintiff's claims for attorney fees and costs are not part of "all claims and causes of actions for this case."

---

**3.** The court advised that "[t]he prudent defendant, however, *will* mention them explicitly, in order to head off the type of appeal that we have been wrestling with here." *Id.* at 394.

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Plaintiff's Petitions for Attorney Fees and Taxation of Costs are **DENIED.**