JUSTICE TRIEWEILER
specially concurs.
*416 ¶26 I concur with the result of the majority Opinion. However, I do not agree with all that is said in that Opinion.
¶27 Finding virtue in certainty and nothing inherently beneficial about a “measured approach” that provides no future guidance to litigants, I would follow the precedent of the 9th Circuit Court of Appeals in Nusom v. COMH Woodbum, Inc. (9th Cir. 1997), 122 F.3d 830, rather than the 7th Circuit’s approach in Nordby v. Anchor Hocking Packaging Co. (7th Cir. 1999), 199 F.3d 390.
¶28 In Nusom, the 9th Circuit held that:
[A] Rule 68 offer for judgment in a specific sum together with costs, which is silent as to attorney fees, does not preclude the plaintiff from seeking fees when the underlying statute does not make attorney fees a part of costs.
Nusom, 122 F.3d at 835.
¶29 That is a rule that anyone can understand.
¶30 On the other hand, the 7th Circuit held in Nordby that:
[T]he appropriate adjustment is to insist that the Rule 68 offer be completely unambiguous, not that it use the magic words “attorneys’ fees.”
Nordby, 199 F.3d at 392.
¶31 Insisting that Rule 68 offers be completely unambiguous and then deciding on a case-by-case basis whether an offer is or is not unambiguous does not serve anyone’s interest. No one would ever make a Rule 68 offer that he or she thought was ambiguous in the first place. Furthermore, the ambiguous rule established in Nordby ignores the prior admonition in the same case regarding the importance of certainty in Rule 68 offers. That court correctly stated that:
We add that an ambiguous offer places the plaintiff in an uncomfortable position. Not knowing the actual value of the offer, he can’t make an intelligent choice whether to accept it-and there are consequences either way. For unlike the case of an ordinary contract offer, the offeree cannot reject it without legal consequences, since if he rejects it and then doesn’t do better at trial he has to pay the defendant’s post-offer costs. [Citation omitted.]
Nordby, 199 F.3d at 392.
¶32 Because the Defendant’s offer was silent regarding waiver of attorney fees which were statutorily authorized to a prevailing claimant and because I concur that it is in the interests of the offeror and offeree that a Rule 68 offer of judgment be clear and unambiguous in order to effect a waiver of attorney fees, I concur with the majority’s conclusion that MFH did not waive its claim for attorney fees which *417 was independent of statutory costs and its decision to reverse the District Court. However, I disagree that a Rule 68 offer of judgment can be clear and unambiguous regarding an independent statutory claim for attorney fees without referring to “attorney fees” in the offer.