*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2004 FED App. 0261P (6th Cir.)
File Name: 04a0261p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────────

REBEKAH MCCAIN,
　　　*Plaintiff-Appellant,*

　　*v.*　　　　No. 03-1270

DETROIT II AUTO FINANCE
CENTER and BANK ONE, N.A.,
　　　*Defendants-Appellees.*

───────────────────

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 02-70855—Patrick J. Duggan, District Judge.

Argued: June 18, 2004

Decided and Filed: August 5, 2004

Before: GILMAN and ROGERS, Circuit Judges;
SHADUR, District Judge.*

───────────────────

* The Honorable Milton I. Shadur, United States District Judge for the Northern District of Illinois, sitting by designation.

───────────────────

───────────────────

## COUNSEL

**ARGUED:** Ian B. Lyngklip, LYNGKLIP & TAUB, Southfield, Michigan, for Appellant. Jason M. Katz, KATZ & KATZ, Southfield, Michigan, for Appellees. **ON BRIEF:** Ian B. Lyngklip, LYNGKLIP & TAUB, Southfield, Michigan, for Appellant. Jason M. Katz, KATZ & KATZ, Southfield, Michigan, for Appellees.

───────────────────

## OPINION

───────────────────

MILTON I. SHADUR, District Judge. Rebekah McCain ("McCain") originally brought suit against Detroit II Auto Finance Center ("Detroit II") and Bank One, N.A. ("Bank One") in connection with events that took place when she attempted to secure a loan to purchase a vehicle. After Detroit II's tender and McCain's acceptance of a Fed. R. Civ. P. ("Rule") 68 offer of judgment had produced a $3,000 judgment in McCain's favor, her counsel petitioned the District Court for an award of costs and attorney's fees.[1] That petition was denied in its entirety, and after the stipulated with-prejudice dismissal of McCain's Second Amended And Supplemented Complaint, McCain filed an appeal against Detroit II pursuant to 28 U.S.C. § 1291. We **REVERSE** the District Court's denial of an award of costs and **AFFIRM** its denial of an attorney's fee award.

───────────────────

[1] Although McCain's petition spoke of "attorney fees" (and Detroit II and the district court followed her lead in that respect), and although the statutes and cases are all over the lot (some using that term, others speaking of "attorneys' fees" and still others of "attorney's fees"), we employ the usage in the text, as did the Supreme Court in the *Marek* case discussed hereafter. But see *Stallworth v. Greater Cleveland Reg'l Transit Auth.*, 105 F.3d 252, 254 n.1 (6th Cir. 1997).

## BACKGROUND

McCain sought legal redress after having experienced numerous difficulties with Detroit II and Bank One in the course of her purchase and financing of a new automobile. McCain filed a multi-count Amended Complaint, seeking to invoke against Detroit II the federal Truth in Lending Act (15 U.S.C. § 1640)(Count I) and Equal Credit Opportunity Act (15 U.S.C. § 1691)(Count II) as well as several Michigan statutes--the Consumer Protection Act (Mich. Comp. Laws § 445.901)(Count IV), Motor Vehicle Sales Finance Act (Mich. Comp. Laws § 492.101)(Count X), Credit Reform Act (Mich. Comp. Laws § 445.1851)(Count XI) and Motor Vehicle Installment Sales Act (Mich. Comp. Laws § 566.301)(Count XII)-- and also advancing some nonstatutory claims (Counts VI, VII, VIII and XIV). Both Count I and the "Request for Relief" section of the Amended Complaint contained express requests for the award of costs and attorney's fees, with the Request for Relief doing so as to the bulk of McCain's claims.

Several months into the litigation Detroit II delivered this Rule 68 offer to McCain:

> NOW COMES, the Defendant, Detroit II Auto Finance Center, Inc., by and through its attorney, Howard Alan Katz, and presents the following offer of judgment pursuant to FRCP 68. The defendant, Detroit II Auto Finance Center, Inc., offers to the Plaintiff, Rebekah McCain, the amount of three thousand dollars ($3000.00) as to all claims and causes of actions for this case.

McCain's timely acceptance of the offer triggered the entry of a $3,000 judgment in her favor.

Shortly thereafter McCain filed a Petition for Taxation of Costs of $150 and a Petition for Attorney Fees of $7,652.50. After the parties had briefed the issues, the district court ruled

against McCain in both respects. This timely appeal ensued after the subsequent entry of a final judgment of dismissal.

## RULE 68 AND *MAREK v. CHESNY*

For purposes of this appeal Rule 68 is just as important for what it does not say as for what it says (emphasis added):

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, *with costs then accrued*. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine *costs*. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the *costs* incurred after the making of the offer.

Thus the Rule plainly speaks of the consequences of acceptance or rejection of an offer on the award of costs, but it is totally silent on the subject of attorney's fees.

Hence the only way in which Rule 68 directly implicates awards of attorney's fees is in situations where such fees are made an element of "costs"--whether by statute (42 U.S.C. § 1988 is the most familiar example) or as a matter of contract. And it was in the former respect that the Supreme Court addressed Rule 68 in the seminal decision that basically controls this case, *Marek v. Chesny*, 473 U.S. 1 (1985).[2]

---

[2] By sheer chance the writer of this opinion was the trial judge in *Marek* who ruled in defendants' favor there (547 F. Supp. 542, 547 (N.D. Ill. 1982)), a decision that was then reversed on appeal (720 F.2d 474,

Here is what *Marek*, *id*. at 6 (citation omitted) said on the subject of Rule 68 offers and costs:

If an offer recites that costs are included or specifies an amount for costs, and the plaintiff accepts the offer, the judgment will necessarily include costs; if the offer does not state that costs are included and an amount for costs is not specified, the court will be obliged by the terms of the Rule to include in its judgment an additional amount which in its discretion, it determines to be sufficient to cover the costs. In either case, however, the offer has *allowed* judgment to be entered against the defendant both for damages caused by the challenged conduct and for costs. Accordingly, it is immaterial whether the offer recites that costs are included, whether it specifies the amount the defendant is allowing for costs, or, for that matter, whether it refers to costs at all.

And consistently with that teaching, Detroit II's silence on the subject of costs in its Rule 68 offer means that true costs are recoverable by McCain, so that the district court erred in disallowing them.[3]

But because Rule 68 itself speaks only of "costs" as such and not in terms of "attorney's fees," *Marek*, *id*. at 9 spoke to the latter subject solely in terms of the former:

In other words, all costs properly awardable in an action are to be considered within the scope of Rule 68 "costs." Thus, absent congressional expressions to the contrary, where the underlying statute defines "costs" to include

---

478-79 (7th Cir. 1983)) but was then in turn upheld by the Supreme Court's reversal of the Seventh Circuit.

[3] Detroit II does not really contest that ruling. Its briefs on appeal do not even broach that topic, and its counsel conceded during oral argument that Detroit II was willing to pay McCain her $150 in taxable costs.

attorney's fees, we are satisfied such fees are to be included as costs for purposes of Rule 68.

Nothing in the opinion speaks to any relationship between a Rule 68 offer and the awarding of attorney's fees that are *not* categorized as "costs."

When these things are understood, the resolution of this case is straightforward. As already stated, because Detroit II's Rule 68 offer was silent as to "costs then accrued," the district court should have included in its judgment the amount of those costs (agreed by the parties to be $150). But because none of the statutes that McCain's Amended Complaint sought to call into play, and none of the common law claims that McCain sought to advance, treats potentially awardable attorney's fees as "costs," the Detroit II offer--which expressly embraced "all claims and causes of action for this case" (essentially echoing McCain's own terminology when she began page 1 of her multicount Amended Complaint with "Rebekah McCain states the following claims for relief")--leaves no room for a post-offer effort by McCain to collect attorney's fees.

All of the post-*Marek* cases that have had to wrestle with the type of claim that McCain advances here have addressed Rule 68 offers from the perspective of whether or not those offers have some greater or lesser degree of ambiguity or perceived ambiguity (see, e.g., *Goodheart Clothing Co. v. Laura Goodman Enters., Inc.*, 962 F.2d 268, 272-73 (2d Cir. 1992); *Nordby v. Anchor Hocking Packaging Co.*, 199 F.3d 390, 392 (7th Cir. 1999); *Hennessy v. Daniels Law Office*, 270 F.3d 551, 553-54 (8th Cir. 2001); *Nusom v. Comh Woodburn, Inc.*, 122 F.3d 830, 833 (9th Cir. 1997) and *Utility Automation 2000, Inc. v. Coctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1242 (11th Cir. 2002)). But here it is unnecessary to parse or to seek to distinguish among those cases, for there is no ambiguity in the Detroit II offer and in McCain's unequivocal acceptance of that offer, an issue that

is to be resolved under ordinary contract principles (*Mallory v. Eyrich*, 922 F.2d 1273, 1279-80 (6th Cir. 1991)).

On that score McCain can draw no comfort from *Marek*'s decision as to the potential awardability of attorney's fees when based on such fees' inclusion in the term "costs." While all four of the statutes cited in McCain's Petition for Attorney Fees do allow for the recovery of attorney's fees under specified circumstances, not one does so by encompassing such fees within "costs" (15 U.S.C. § 1640(a)(3); 15 U.S.C. § 1691e(d); Mich. Comp. Laws § 445.911(2); Mich. Comp. Laws § 445.1861(1)(d)). To the contrary, those statutes either list attorney's fees and costs as two *separate* elements of recovery or (in the case of the Michigan Consumer Protection Act) do not refer to costs at all. Nor is there any Michigan common law doctrine that treats attorney's fees, when they are awardable, as an element of "costs." Thus the situation before us parallels the one that we dealt with in *Oates v. Oates*, 866 F.2d 203, 205, 208 (6th Cir. 1989), and as in *Oates* no award of McCain's attorney's fees may be made under the rubric of Rule 68 "costs."

Our conclusion as to the absence of ambiguity in the Detroit II offer, unqualifiedly accepted by McCain as it was, echoes the Seventh Circuit's comparable determination in *Nordby*.[4] There the defendant's Rule 68 offer was for "one total sum as to all counts of the amended complaint" (remember that in this case the offer expressly embraced "all claims and causes of action for this case"). There "[o]ne of those counts specified attorneys' fees as part of the relief sought" (*id*. at 392), while here all of McCain's claims for relief specified attorney's fees as part of what she was seeking to recover. And there the Seventh Circuit held "That relief [the request for attorney's fees] was covered by the offer" (*id*.) and therefore "agree[d] with the district judge that there

---

[4]Again by sheer coincidence, the writer was also the district judge in *Nordby*, this time being affirmed by the Court of Appeals.

was no ambiguity" (*id*. at 393). That might well have been written for this case, and we so hold. As in *Nordby*, there is no room here for the application of the doctrine of contra proferentem or for any other predicate for injecting ambiguity where none exists. Just as with all other contracts, when an unequivocal and unambiguous offer is responded to by an acceptance that does not depart from the terms of that offer, the prototypical enforceable bargain results.

One final note should be added. We have deliberately eschewed offering advice to counsel generally, as McCain has requested, as to how Rule 68 offers and acceptances should be shaped. As we have said, such offers and their acceptance involve nothing more than applying the basic principles of contract law. In this instance the absence of ambiguity stems from Detroit II's counsel having taken McCain's counsel at his word: In response to a complaint that spoke expressly in terms of "claims for relief" and that also asked expressly for attorney's fees to be granted as an integral part of the relief sought for those claims, a Rule 68 offer that mirrored that language by tendering $3,000 for "all claims and causes of action" should have left McCain's counsel free from doubt. To be sure, there are other situations in which a prudent defense counsel, who after all has total control over the drafting of a Rule 68 offer, ought to (or sometimes must) add a specific reference to the inclusion of attorney's fees to provide clarity--but this is not one of them.

## CONCLUSION

Nothing in the terms of Detroit II's Rule 68 offer justified McCain's effort to have the tail wag the dog by seeking an attorney's fees recovery of fully two and one-half times the amount of the substantive judgment. For the reasons we have stated, we **AFFIRM** the district court's rejection of that claim, while we **REVERSE** the denial of McCain's request for an award of $150 in true costs. Each party shall bear her or its costs on appeal.