In the

# United States Court of Appeals

### For the Seventh Circuit

No. 12-2208

JUANA SANCHEZ,

*Plaintiff-Appellant*,

*v.*

PRUDENTIAL PIZZA, INC., *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 1:10-cv-06289—**Sharon Johnson Coleman**, *Judge.*

ARGUED JANUARY 14, 2013—DECIDED MARCH 4, 2013

Before EASTERBROOK, *Chief Judge*, HAMILTON, *Circuit Judge*, and MILLER, *District Judge.**

HAMILTON, *Circuit Judge.* This appeal requires us to address once more the problems posed by ambiguous offers of judgment under Rule 68 of the Federal Rules of Civil Procedure. And once more we must teach de-

---

* The Honorable Robert L. Miller, Jr. of the Northern District of Indiana, sitting by designation.

fendants making Rule 68 offers to be specific and clear in their offers. Any ambiguities will be resolved against them.

Plaintiff Juana Sanchez sued defendant Prudential Pizza for sex discrimination, sexual harassment, and retaliation under Title VII of the Civil Rights Act of 1964. The litigation was heading for trial until Sanchez accepted Prudential Pizza's offer of judgment under Federal Rule of Civil Procedure 68. The district court entered judgment in Sanchez's favor but denied her request for attorney fees and costs in addition to the amount specified in Prudential Pizza's Rule 68 offer.

Prudential Pizza's offer said that it included "all of Plaintiff's claims for relief" but made no specific mention of costs or attorney fees. Based on this language the district court found that the offer was unambiguous and included attorney fees. The legal effect of this wording is the subject of this appeal. We review *de novo* the district court's determination of the legal effect of the written Rule 68 offer. See *Harbor Motor Co. v. Arnell Chevrolet-Geo, Inc.*, 265 F.3d 638, 645 (7th Cir. 2001); *Jordan v. Time, Inc.*, 111 F.3d 102, 105 (11th Cir. 1997). Because the Rule 68 offer was silent as to costs and fees, we conclude that costs and fees were not included. We therefore reverse and remand for a determination of reasonable costs and fees.[1]

---

[1] Sanchez also brought a claim against defendant John Apostolou for violations of the Employee Polygraph Protec-

(continued...)

Rule 68 permits a party defending a claim to serve on an opposing party "an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68(a). Where a suit is brought under a statute that provides for an attorney fee award to a prevailing plaintiff, the relevant "costs" include attorney fees. *Marek v. Chesny*, 473 U.S. 1 (1985). If the offer is accepted in writing within 14 days, either party may file the offer and acceptance with the court. "The clerk must then enter judgment," Fed. R. Civ. P. 68(a), meaning that the court has no discretion to alter or modify the parties' agreement. See *Webb v. James*, 147 F.3d 617, 621 (7th Cir. 1998), citing *Mallory v. Eyrich*, 922 F.2d 1273, 1279 (6th Cir. 1991). If the offer is rejected and the "judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d). The rule's purpose is to encourage settlement and to discourage protracted litigation. See *Webb*, 147 F.3d at 620, citing *Marek*, 473 U.S. at 5.

If the terms of a Rule 68 offer are not specific and clear, there are opportunities for both confusion and

---

[1] (...continued)

tion Act. The district court granted summary judgment in Sanchez's favor as to liability on this claim but denied her request for interim attorney fees. Sanchez also has appealed the denial of her interim fee request, but while this appeal was pending, the district court ordered Apostolou to pay Sanchez $140,000 in attorney fees. Sanchez's challenge to the denial of an interim fee award is therefore moot.

mischief. The Rule 68 offer made by Prudential Pizza and accepted by Sanchez stated in its entirety:

> Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Defendant, PRUDENTIAL PIZZA, INC., hereby offers to allow Judgment to be entered against them [sic] in this action in the amount of $30,000 including all of Plaintiff's claims for relief. This offer of judgment is made for the purposes specified in Federal Rule of Civil Procedure 68, and is not to be construed as either an admission that Defendants, PRUDENTIAL PIZZA, INC., and JOHN APOSTOLOU are liable in this action, or that the Plaintiff has suffered any damage. This Offer of Judgment shall not be filed with the Court unless (a) accepted or (b) in a proceeding to determine costs.

Sanchez's attorney accepted the offer seven days after it was made. The district court entered judgment in Sanchez's favor accordingly.

Sanchez then moved for attorney fees. She contended that Prudential Pizza's Rule 68 offer was silent with regard to costs and fees, and that she, as a prevailing party, was entitled to attorney fees under Title VII. The district court denied her motion, finding that Prudential Pizza's Rule 68 offer specified that it applied to "all of Plaintiff's claims for relief," and that contract principles controlled. The district court wrote:

> The plain and ordinary meaning of the language in the Offer of Judgment in this case indicates that it was the parties' intent to cover *all* of plaintiff's claims for relief. Sanchez's claims for relief are con-

> tained in her Amended Complaint (Dkt. #33). In each count of her Amended Complaint, Sanchez specifically requests costs and attorneys' fees in its [sic] claims for relief. Moreover, Sanchez has already requested interim attorneys' fees and costs in this case and thus Prudential was well aware that Sanchez would be seeking such an award and would not have made an offer without including fees and costs. Accordingly, this Court believes that costs and fees were specifically addressed by the terms of the Offer of Judgment.

Dkt. 117.

Offers of judgment under Rule 68 are different from contract offers. When a contract offer is made, the offeree can reject it without legal (as distinct from economic) consequences. Plaintiffs who receive Rule 68 offers, however, are "at their peril whether they accept or reject a Rule 68 offer." *Webb*, 147 F.3d at 621. Costs are usually a relatively minor aspect of most federal litigation, but when the costs in question include attorney fees, as in this case, Rule 68 takes on much greater significance, often exceeding the damages a successful plaintiff might recover. A plaintiff who rejects a Rule 68 offer but later wins a judgment in such a case may lose her entitlement to a substantial portion of otherwise awardable attorney fees and costs if she does not win more than the rejected Rule 68 offer. See *Marek*, 473 U.S. at 9; *Webb*, 147 F.3d at 621.

Contrary to the district court's reasoning, therefore, we treat Rule 68 offers differently than we treat ordinary

contract offers. See *Webb*, 147 F.3d at 621. For example, Rule 68 offers may not be revoked during the 14-day period established by the Rule. We have rejected the applicability of the contract doctrine of rescission to Rule 68 offers, and we have been reluctant to allow defendants to challenge the meaning of an offer of judgment, either before or after acceptance. See *id*. Most important, because the consequences of a Rule 68 offer are so great, the offering defendant bears the burden of any silence or ambiguity concerning attorney fees. As we explained in *Webb*:

> We are inclined to agree with the district court that defendants should bear the burden of the ambiguity created by their silence on fees. The ADA provides for attorney's fees for the prevailing party and defendants said nothing in the offer to terminate that statutory liability. Because Rule 68 puts plaintiffs at their peril whether or not they accept the offer, *the defendant must make clear whether the offer is inclusive of fees when the underlying statute provides fees for the prevailing party*. As with costs, the plaintiff should not be left in the position of guessing what a court will later hold the offer means.

*Id.* at 623 (emphasis added) (internal citation omitted); accord, *Nordby v. Anchor Hocking Packaging Co.,* 199 F.3d 390, 392-93 (7th Cir. 1999) (repeating principle that ambiguities in a Rule 68 offer must be resolved against the offeror).

Prudential Pizza argues that its offer was not silent regarding fees. Relying on *Nordby*, it points out that its

offer referred to plaintiff's "claims for relief," and that Sanchez requested attorney fees and costs in her amended complaint. Thus, Prudential Pizza contends, it would be "illogical" to conclude that attorney fees were not included in the defendant's Rule 68 offer.

We reject this argument. Prudential Pizza's logic would allow a defendant to force a plaintiff to guess the meaning of the offer, which the Rule and *Webb* do not permit. Rule 68(a) requires the offer to include "specified terms." If Prudential Pizza's offer was meant to include attorney fees and costs, the offer was not specific. It simply did not refer to Sanchez's attorney fees or costs. It referred to Sanchez's "claims" but failed to specify what those claims were, such as whether they included her claim against the other defendant. Thus, Prudential Pizza's reliance on *Nordby* is not persuasive. In *Nordby*, we found that a Rule 68 offer that provided for "judgment in the amount of $56,003.00 plus $1000 in costs as one total sum as to all counts of the amended complaint" was not silent and that the specific amount for "costs" was sufficiently clear to include attorney fees. 199 F.3d at 391-92. (Fees are included under Rule 68 as "costs," per *Marek*.) The *Nordby* defendant's offer specifically mentioned costs and specified that the counts subject to the offer were contained in Nordby's amended complaint. Although no "magic words" are required, *id*. at 393, Prudential Pizza's offer fails in both of these regards. Either failure alone is sufficient to render the offer ambiguous. If Prudential Pizza intended its offer to include attorney fees, its chosen language was insufficient.

The record here brings the offer's ambiguity into relief. Sanchez filed an original complaint against only Prudential Pizza, but she later amended it to add an additional defendant and count. Prudential Pizza's Rule 68 offer refers to the added defendant, John Apostolou, and refers to the defendants using the plural "them," but only Prudential Pizza is named as the "offeror." Prudential Pizza's Rule 68 offer also fails to specify where plaintiff's "claims for relief" are to be found. Her complaint? Her amended complaint? A later statement of her case? And are claims against Apostolou included or not? The Rule 68 offer does not answer these questions.

Adding to the ambiguity, even if we assume that the plaintiff's amended complaint was the relevant reference for her "claims," as Prudential Pizza argued and the district court found, attorney fees are not part of a "claim." Claims and demands for relief are different animals in civil procedure. Under Federal Rule of Civil Procedure 8(a)(2), a "claim" is a "short and plain statement . . . showing that the pleader is entitled to relief," and Rule 8(a)(3) distinguishes between claims and demands for relief. The fact that Sanchez listed attorney fees when she set forth her *demands* for relief meant nothing when the issue was Sanchez's *claims*. In addition, the judgment is the remedy for the claim, but under Federal Rule of Civil Procedure 54(d) attorney fees can be awarded separately from the judgment on the merits and can be appealed separately. In short, the rules foreclose Prudential Pizza's argument. Attorney fees are not part of a plaintiff's claim. By referring only

to plaintiff's claims, Prudential Pizza's offer of judgment was silent concerning fees.[2]

In the absence of the judicial gloss holding that an offer that is ambiguous as to costs and attorney fees will be held against the defendant, an ambiguous offer puts the plaintiff in a very difficult situation and would allow the offering defendant to exploit the ambiguity in a way that has the flavor of "heads I win, tails you lose." If the plaintiff accepts the ambiguous offer, the defendant can argue that costs and fees *were* included. If the plaintiff rejects the offer and later wins a modest judgment, the defendant can then argue that costs and fees were *not* included, so that the rejected offer was more favorable than the ultimate judgment and that the

---

[2] The *Nordby* court did not discuss the Rule 8 definition of "claim" or the implications of Rule 54(d) in its determination that the defendant's offer for judgment "as to all counts of the amended complaint" could "only mean one amount encompassing all the relief sought in the counts," and included attorney fees. 199 F.3d at 392; see also *id*. at 393 (finding distinction between substantive relief and costs: "if the fees that the plaintiff is seeking . . . are part of the substantive relief they are covered by the part of the Rule 68 offer that refers to the judgment, and if they are part of the costs that the plaintiff is seeking then they are covered by the part of the offer that refers to costs"). Nevertheless, because the *Nordby* defendant specified that the counts in question were contained in the plaintiff's amended complaint and included a specific amount for "costs," *Nordby* is both sound and consistent with this decision.

plaintiff's recovery of costs and fees should be limited accordingly. Whether the ambiguity is accidental or strategic, Rule 68 must be interpreted to prevent such strategic use of ambiguity by construing an ambiguous offer against the offering defendant's interests, whether the question arises from the offer's acceptance or rejection.

"If an offer recites that costs are included or specifies an amount for costs, and the plaintiff accepts the offer, the judgment will necessarily include costs; if the offer does not state costs are included and an amount for costs is not specified, the court will be obliged by the terms of the Rule to include in its judgment an additional amount which in its discretion it determines to be sufficient to cover the costs." *Marek*, 473 U.S. at 6 (internal citation omitted). Prudential Pizza's offer was silent as to costs and fees. Pursuant to *Webb* and *Nordby*, we resolve the ambiguity against the offeror. Sanchez is entitled to attorney fees and costs under the Rule 68 offer she accepted. The judgment of the district court denying fees and costs is reversed and the case is remanded for an appropriate award of attorney fees and other costs, and for further proceedings consistent with this opinion.

REVERSED and REMANDED.