Michael MCGLONE, Hubert Brooks, Anthony Buffalino, Rocco Ceparano, Jesse Dimirco, Domenic Fanelli, Sal Fishetti, Joseph Frangiosa, Joseph Frische, Robert Gandolfo, Jesse Kay, Thomas Murphy, Brian Nicholas, Ariel Peniche, Robert Schantz, Rafael Soto, and Scott Vaaler, Plaintiffs,

v.

CONTRACT CALLERS INC. and William "Tim" Wertz, Defendants.

11 Civ. 3004 (JSR)

United States District Court, S.D. New York.

Signed November 29, 2015

Penn Ueoka Dodson, Anderson Dodson, P.C., Donald David Conklin, III, Rishi Bhandari, Robert Allen Glunt, Mandel Bhandari LLP, New York, NY, for Plaintiffs.

Ira Leonard Blank, Lawrence Wittels, The Enterprise Law Group LLC, St. Louis, MO, Lauren Katz Kluger, Reitler Kailas & Rosenblatt, L.L.C., New York, NY, for Defendants.

*MEMORANDUM ORDER*

### JED S. RAKOFF, UNITED STATES DISTRICT JUDGE.

On June 22, 2015, following the conclusion of a trial in which the jury rendered judgment for plaintiffs Michael McGlone et al. on claims brought under the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL), the Court entered final judgment, holding defendants Contract Callers Inc. and William "Tim" Wertz jointly and severally liable for a total of $761,214.22, to be distributed among plaintiffs in accordance with the Court's Order. *See* Amended Judgment dated June 22, 2015, Dkt. 159. Plaintiffs then moved for attorneys' fees and costs pursuant to the FLSA and NYLL, requesting $524,673.59 in attorneys' fees and $14,412.30 in costs, for a total of $539,085.79. *See* Notice of Motion for Attorneys' Fees and Costs, Dkt. 160; Memorandum of Law in Support of Plaintiffs' Motion for Attorneys' Fees and Costs ("Pl. Br."), Dkt. 161. Defendants opposed the amount of the award, arguing that the Court should reduce the allowable hours by 50%, reduce plaintiffs' attorneys' hourly rates by various amounts, and reduce the amount of costs. *See* Defendants' Memorandum in Opposition to Plaintiff's Motion for Attorneys' Fees and Costs ("Defs. Opp. Br."), Dkt. 164. The Court held an in-court hearing on the motion on November 23, 2015.

Having now carefully reviewed the parties' briefs, their representations at the hearing, and their supporting materials, the Court hereby awards to plaintiffs $393,505.12 in attorneys' fees and $13,692.56 in costs, for a total of $407,197.68.

The FLSA provides that the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The NYLL similarly mandates that an employee who is paid less than the wage to which he or she is entitled "shall recover in a civil action the amount of any such underpayments, together with costs, all reasonable attorney's fees ...." N.Y. Labor Law § 663(1). In this case, plaintiffs' attorneys obtained judgment in their favor and are entitled to an award of reasonable attorneys' fees and costs, to be paid by defendants. The question, however, is how much they ought to be awarded.

A "district court has discretion in determining the amount of a fee award." *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). "In the Second Circuit, attorneys' fees awards are now calculated based on the 'presumptively reasonable fee' approach." *Building Serv. 32BJ Health Fund v. Renaissance Equity Holdings, LLC*, No. 08–cv–9264, 2010 WL 1438117, at *2 (S.D.N.Y. Apr. 9, 2010). Typically under this approach, the "court sets a 'reasonable hourly rate' ..., and the court then uses that reasonable hourly rate to calculate the 'presumptively reasonable fee' by multiplying the rate by the number of hours reasonably expended." *Id.* "In determining what fee is reasonable, the court takes account of claimed hours that it views as 'excessive, redun-

dant, or otherwise unnecessary.'" *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir.2009), quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). "[I]n dealing with such surplusage ... the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir.1998) (internal quotation marks omitted) (upholding the district court's "20% reduction for vagueness, inconsistencies, and other deficiencies in the billing records.").

As noted, plaintiffs here request an award of $524,673.49 in attorneys' fees and $14,412.30 in costs, for a total of $539,085.79. *See* Notice of Motion for Attorneys' Fees and Costs. The relevant attorneys appear to be Penn Dodson, Esq., who originally filed the case, *see* Declaration of Penn Dodson, Esq. ("Dodson Declaration") ¶ 15, and three attorneys from the law firm of Mandel Bhandari LLP, who, in October 2014, entered into a co-counsel agreement to take the case to trial. This move was occasioned by the fact that "Ms. Dodson does not generally take wage and hour cases to trial," Pl. Br. at 5; *see* Declaration of Rishi Bhandari, Esq. ("Bhandari Declaration") ¶ 2—a fact that, judging from the relevant agreements signed by the clients (which the Court has examined *in camera*), was not adequately disclosed to the plaintiffs when they retained Ms. Dodson.[1] Plaintiffs request at-

---

1. At the November 23, 2015 hearing, in response to questioning about notice to the client about the subsequent possible involvement of another firm, plaintiffs' attorneys pointed to the provision in the original multi-page retainer agreement with plaintiff Michael McGlone, which, in the middle of paragraph 12 on page 5, states that "I grant Goldberg & Dohan [the firm with which Ms. Dodson was formerly associated] the right to

consult or engage other attorneys to assist us at our sole expense and at no additional cost to you. I understand that the attorney fees related to my claim may be shared among more than one firm including Goldberg & Dohan but that if that is the case that it will not affect the amount of money I ultimately receive." Retainer Agreement with Goldberg & Dohan ¶ 12; *see* Transcript at 5:14–18. The Court does not view this boilerplate pro-

torneys' fees that reflect a rate of $400/hour for Penn Dodson[2] and $500/hour for each of the three attorneys from the Mandel Bhandari firm who worked on the case: Rishi Bhandari (13 years' experience); Donald Conklin (9 years' experience); and Robert Glunt (7 years' experience). *See* Pl. Br. at 7–8, 10.[3]

█ Upon careful review, the Court finds plaintiffs' proposed attorneys' fees award unreasonable in certain respects. To begin with, the rates provided on plaintiffs' attorneys' timesheets are excessive for some (though not all), of the tasks described therein. The Court is unconvinced, for example, that $500/hour is a reasonable fee for the great many hours spent to "prepare deposition digests." *See, e.g.,* Bhandari Declaration, Exhibit A, at 1 (10/20/2014, 10/21/2014, 10/22/2014). In this regard, the Court has carefully reviewed the actual deposition digests *in camera* and concludes that they involve no work that could not have been done by a paralegal or a junior associate. Most of these digests simply summarize, in the briefest way, basic information in the depositions and, although some (but not all) are marked as containing work product, there is, with very few exceptions, not the slightest indication that they involved any such mental processes.

The Court takes account of plaintiffs' attorneys' explanation, proffered at the November 23, 2015 hearing, that the act of preparing these digests was a way for plaintiffs' attorneys to prepare for trial. See Transcript dated November 23, 2015 at 8:6–14. This is unconvincing, for at least two reasons. First, the same preparation could have been achieved by the far shorter time needed to read these barebones digests once they had been prepared by a paralegal at much less expense. Second, trial counsel's unfamiliarity with these depositions was a function of the fact that trial counsel had not yet been retained at the time these depositions were taken, one of several duplicative costs attributable to the switch in firms.

The same duplication occasioned by the switch in firms is typical of many of Mandel Bhandari's entries towards the beginning of that firm's representation. Still further difficulties are presented by the fact that many of the descriptions of work recorded on Mandel Bhandari's timesheets conjoin work for which $500/hour would be reasonable with work for which it would not. *See, e.g.,* Bhandari Declaration, Exhibit A (e.g., "10/22/2014: D. Conklin: research re, draft re pretrial filings; draft deposition digests, review relevant discov-

---

vision, nestled within a paragraph titled "Assignment of Firm Personnel," as sufficiently explicit notice of the possibility of a later arrangement to turn over the actual trial of the case to a different firm charging higher rates.

**2.** Ms. Dodson's hourly rate was $375/hour for 2011–2012. *See* Dodson Declaration ¶ 12 n.2. However, plaintiffs argue that "[t]he Court should apply Plaintiffs' counsel's current rates to all time spent prosecuting this case because current rates, not historic rates, are necessary to compensate counsel for the passage of time." Pl. Br. at 11, citing, e.g., *LeBlanc–Sternberg v. Fletcher*, 143 F.3d 748, 764 (2d Cir.1998) ("current rates, rather than histori-

cal rates, should be applied in order to compensate for the delay in payment.").

**3.** *See* Bhandari Declaration ¶ 6 ("A core group of three attorneys—Robert Glunt, Donald Conklin, and myself—worked on this case"); Bhandari Declaration ¶¶ 10–26, Pl. Br. at 7–9 (describing the experience and credentials of the three aforementioned attorneys). Mandel Bhandari's timesheets also reflect a few entries for E. Mandel and R. Delson, other current or former members of the firm. *See* Bhandari Declaration, Exhibit A; Pl. Br. at 10. However, the experience and credentials of these attorneys are not described in detail in plaintiffs' submissions.

ery—7.50 hours"; "10/30/2014: D. Conklin: research re, draft pretrial filings & pretrial memo of law; confer with team, Ms. Dodson, opposing counsel re pretrial matters; review, prep trial exhibits—8.50 hours").

In short, in addition to unnecessary duplication occasioned by the addition of the Mandel Bhandari firm, for which no payment is due, such activities as the preparation of digests and trial exhibits do not, the Court determines, reflect work warranting an attorneys' fee award of $500/hour. Such work would ordinarily warrant a rate of approximately $200/hour, if not less, given that it could be done by a paralegal or, at most, by a junior associate. *See, e.g., Trustees of New York City Dist. Council of Carpenters Pension Fund v. Richie Jordan Constr. Inc.,* 15–cv–3811, 2015 WL 7288654, at *5 (S.D.N.Y. Nov. 17, 2015) (awarding $175/hour as a rate that "is significantly more in line with approved rates for junior associates in this District"); *Agudelo v. E & D LLC,* No. 12–cv–960, 2013 WL 1401887, at *2 (S.D.N.Y. Apr. 4, 2013) (awarding $200/hour for a junior associate in an FLSA and NYLL case). But giving modest credence to plaintiffs' attorneys' assertions that this work was helpful to their trial preparation, the Court is willing to view this work as warranting a rate of $250/hour. In many instances, however, because several relevant entries are glommed together, the Court is even there unable to provide a precise calculation of the number of hours to which this rate corresponds.

▮ In addition to the issues of duplication and overly high estimates for certain types of work, the Court is not persuaded that it should grant plaintiffs an attorneys' fees award reflecting a $500/hour rate for

each of the Mandel Bhandari attorneys involved in the case, regardless of their varying levels of experience (13, 7, and 6 years, respectively). *See* Pl. Br. at 7–8. Mandel Bhandari argues that it operates on a specific business model: the firm uses "alternative fee structures," such as billing out attorneys at the same rate (currently $500/hour) regardless of seniority, Bhandari Declaration ¶ 6; *see also* Pl. Br. at 10; Transcript at 9:21–22.[4] But the test is not the idiosyncrasies of Mandel Bhandari's fee structure but the "currently prevailing reasonable rate," *Kahlil v. Original Old Homestead Rest., Inc.,* 657 F.Supp.2d 470, 475 (S.D.N.Y.2009), which in turn depends on what attorneys of similar skill and experience charge in the relevant judicial district, *see Barbour v. City of White Plains,* 788 F.Supp.2d 216, 226 (S.D.N.Y.2011), *aff'd,* 700 F.3d 631 (2d Cir.2012). Reflecting this approach, courts in this district routinely distinguish between attorneys of different rank and experience in setting a reasonable fee. *See, e.g., Aguilera v. Cookie Panache ex rel. Beneath the Bread, Ltd.,* 13–cv–6071, 2014 WL 2115143, at *3, 2014 U.S. Dist. LEXIS 69716, at *9 (S.D.N.Y. May 20, 2014)(decreasing the requested hourly rates in a class settlement of claims brought under the FLSA and NYLL, "[b]ased on the prevailing rates in this district for employment law cases," to $300/hour for a partner; $200/hour for counsel; $125/hour for associates; and $75 for paralegals); *Wong v. Hunda Glass Corp.,* 09–cv–4402, 2010 WL 3452417, at *3, 2010 U.S. Dist. LEXIS 90736, at *8 (S.D.N.Y. Sept. 1, 2010) (determining, in a case brought under the FLSA and NYLL, that "the range of fees in this District for civil rights and employment law litigators

---

4. Plaintiffs' attorneys also indicate that Mandel Bhandari "specializes in taking cases on the eve of trial." Bhandari Declaration ¶ 14.

with approximately ten years' experience is between $250 per hour and $350 per hour."). On this approach, $500/hour for all but possibly Mr. Bhandari is excessive.

Ms. Dodson's timesheet entries also present difficulties. For example, the Court is not convinced that Ms. Dodson's meeting on August 27, 2014 with her partner, Christopher Anderson of Anderson-Dodson P.C., to engage in "big-picture strategy communications" merited a rate of $450/hour. *See* Dodson Declaration at ¶ 29(1); Dodson Declaration, Exhibit 1. The Court also finds some of Ms. Dodson's timesheet entries difficult to disaggregate, such as an entry on December 23, 2013: "Communicate (with client)—create/assemble depo packets for 12 deponents." *See* Dodson Declaration, Exhibit 1. As with Mandel Bhandari's timesheets, this kind of entry significantly impedes the task of determining the degree to which the work in question corresponds to the market rate of an experienced litigator, as opposed to that of a paralegal or junior associate.

More broadly, exact calculation of the product of a reasonable hourly rate and the number of hours reasonably expended is blocked by several features of plaintiffs' attorneys' entries, including (1) the impossibility of gauging the precise amount of duplication between Ms. Dodson's work and that of Mandel Bhandari; (2) the aggregation on the timesheets of tasks with widely varying prevailing market rates; and (3) the absence of clear figures in plaintiffs' submissions for the total number of hours that each individual attorney expended, especially since some entries reflect the work of multiple attorneys.[5] In light of the foregoing concerns, as well as

the "vagueness, inconsistencies, and other deficiencies in the billing records," *Kirsch,* 148 F.3d at 173, the Court determines after careful review of plaintiffs' attorneys' timesheet entries that the requested attorneys' fees award should be reduced by 25%, to $393,505.12.

As to plaintiffs' costs request, the Court finds the request of $14,412.30 to be reasonable with the exception of the sum of $719.74 for two plaintiffs who had moved out of state to travel to New York to attend the trial, *see* Dodson Declaration 30. This sum is disallowed as a cost pursuant to S.D.N.Y. Local Rule 54.1(c)(3) ("No party to the action may receive witness fees, travel expenses, or subsistence."), and Ms. Dodson accordingly withdrew the request at the hearing of November 23, 2015. *See* Transcript at 13:1–12. The Court therefore awards $13,692.56 in costs to plaintiffs.

In sum, the Court hereby grants plaintiffs' motion for attorneys' fees and costs, but reduces the award to $407,197.68.

The Clerk of Court is directed to close docket entry 160.

SO ORDERED.

---

5. As noted above, the experience levels and credentials of two of these attorneys are not even described in detail. *See supra.*