11-2229-cv
Barbour v. City of White Plains

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

_____

August Term, 2012
(Argued: October 3, 2012      Decided: November 14, 2012 )
Docket No. 11-2229

_____

DEJA BARBOUR, SHINNEL GONZALEZ, RAKAYYAH MASSEY,
*Plaintiffs-Appellees*,


v.


CITY OF WHITE PLAINS, MARK BURNETT, ANTHONY CARRA, KEVIN
CHRISTOPHER, ANTHONY FARRELLY, JOHN HEFFNER, LAVALLE LARRIER,
GILBERT LOPEZ, ANTONIO NOLLETTI, JOHN and JANE DOES,
*Defendants-Appellants.*


_____


BEFORE:    RAGGI, HALL, and CARNEY, Circuit Judges.


_____


Appeal from a judgment of the United States District Court for the Southern
District of New York (Robert P. Patterson, Jr., *Judge*).  Defendants City of White Plains
and certain individually named law-enforcement officers appeal from an award of
$290,997.94 in costs, of which $286,065.00 represents attorneys' fees, awarded in
connection with a $30,000.00 judgment for Plaintiffs ordered pursuant to an offer of
judgment under Fed. R. Civ. P. 68.  Defendants contend that the district court abused its
discretion in awarding attorneys' fees because (1) their Rule 68 offer of judgment to settle
"all claims" should have been interpreted to encompass costs, including attorney's fees;
and (2) the fee award bore no relationship to Plaintiffs' degree of success in the litigation.
The Supreme Court's ruling in *Marek v. Chesny*, 473 U.S. 1 (1985), compels rejection of
the first argument.  As to the second, our "highly deferential" review of attorney's fee
awards, *Townsend v. Benjamin Enters., Inc.*, 679 F.3d 41, 58 (2d Cir. 2012) (internal

quotation marks omitted), coupled with Defendants' failure adequately to advance the issue below, compels its rejection. The judgment of the district court is, therefore, AFFIRMED.

_____

JOSEPH A. MARIA, Esq., White Plains, New York, appearing for Defendants-Appellants.

MICHAEL L. SPIEGEL, Esq. (Scott A. Korenbaum, *on the brief*), New York, New York, appearing for Plaintiffs-Appellees.

PER CURIAM:

Appeal from a judgment of the United States District Court for the Southern District of New York (Robert P. Patterson, Jr., *Judge*). Defendants City of White Plains and certain individually named law-enforcement officers appeal from an award of $290,997.94 in costs, of which $286,065.00 represents attorneys' fees, awarded in connection with a $30,000.00 judgment for Plaintiffs ordered pursuant to an offer of judgment under Fed. R. Civ. P. 68. Defendants contend that the district court abused its discretion in awarding attorneys' fees because (1) their Rule 68 offer of judgment to settle "all claims" should have been interpreted to encompass costs, including attorneys' fees; and (2) the fee award bore no relationship to Plaintiffs' degree of success in the litigation. The Supreme Court's ruling in *Marek v. Chesny*, 473 U.S. 1 (1985), compels rejection of the first argument. As to the second, our "highly deferential" review of attorney's fee awards, *Townsend v. Benjamin Enters., Inc.*, 679 F.3d 41, 58 (2d Cir. 2012) (internal quotation marks omitted), coupled with Defendants' failure adequately to advance the issue below, compels its rejection. The judgment of the district court is, therefore, AFFIRMED.

2

1.    Factual and Procedural Background

This case stems from an incident in which plaintiffs-appellees were arrested by City of White Plains police officers in 2004. The complaint makes the following allegations. Ms. Barbour, Ms. Gonzalez, and Ms. Massey walked out of a diner in White Plains in the early morning of April 25, 2004. Upon exiting the diner they saw a friend of theirs being questioned and then arrested in a rough manner by City of White Plains police officers. When Plaintiffs asked the officers why they were treating their friend so roughly, the officers proceeded to place Ms Barbour, Ms. Gonzales, and Ms. Massey under arrest, using excessive force when they did so. Following the arrest, Barbour was charged with "Obstructing Governmental Administration and Resisting Arrest," and Gonzalez and Massey were each charged with "Assault on a Police Officer" and related crimes. Barbour and Gonzalez were acquitted at trial; Massey's case was dismissed during trial.

Following the favorable determination of the claims against them, plaintiffs brought a civil rights action under 42 U.S.C. §§ 1981 and 1983 against the City of White Plains and the officers involved in the incident, alleging, among other things, false arrest and malicious prosecution.[1] The complaint included language indicating that the plaintiffs sought, among other things, "[c]osts, and interest and attorney's fees." The litigation continued for four years, with Defendants steadfastly maintaining that they were unwilling to settle the case.

Thirteen days before trial, defendants made offers of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure. The three offers of judgment – one extended to each plaintiff

---

[1] In the joint pretrial order, filed approximately three months before trial, the plaintiffs voluntarily dismissed their claims against two of the officer defendants, as well as all of their claims for excessive force and battery, supervisory liability, and municipal liability.

– recited that they were for "the total sum of TEN THOUSAND DOLLARS AND 00/100 ($10,000.00) for the settlement of all claims pending against the defendants in this action." Plaintiffs timely accepted the offers of judgment, and the district court entered an order of judgment stating the amount of the award and that the court would determine reasonable attorneys' fees. Defendants did not object to the entry of the order of judgment.

Plaintiffs promptly moved for attorneys' fees and costs pursuant to Rule 68 and 42 U.S.C. § 1988. In their motion, plaintiffs requested $267,295.00 in attorneys' fees and an additional $13,645.44 in costs pursuant to a lodestar calculation. In opposing that motion, defendants made only two points: first, plaintiffs were not prevailing parties under § 1988, and second, defendants' Rule 68 offer encompassed all claims, including those for costs and fees. In a reply memorandum, plaintiffs requested additional fees and costs incurred in bringing the motion for fees and costs itself.

In the proceedings below, Defendants did not challenge plaintiffs' counsel's hourly rate or expenses, or any particular time entries. The district court, nonetheless, engaged in a detailed lodestar analysis, calculating the number of hours reasonably expended multiplied by counsel's reasonable hourly rate. The court awarded fees and costs to Plaintiffs in the total amount of $290,997.94.

Defendants raise two issues on appeal: whether defendants' Rule 68 offer encompassed attorneys' fees, and whether there is a requirement that the amount of attorneys' fees awarded to a prevailing plaintiff be proportionate to the damages ultimately recovered on a plaintiff's substantive claims.

4

2.      <u>Whether the Rule 68 Offer Included Attorney's Fees</u>

Entitled "Offer of Judgment," Rule 68 states that "[a]t least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68(a). Defendants submit that the district court lacked authority to award attorney's fees to Plaintiffs because their Rule 68 settlement offers were tendered to settle "all claims pending against the defendants." Defendants argue that the district court's contrary conclusion—*i.e.*, that the Rule 68 offers needed expressly to refer to costs and attorneys' fees—defies "the spirit of Rule 68 and the case law."

Defendants' argument is foreclosed by *Marek v. Chesny*, 473 U.S. 1 (1985). There, the Supreme Court made clear that Rule 68 applies to attorney's fees when such fees are included within the definition of costs in the relevant statute. *See id.* at 8-9. The Court also emphasized that a party who intends a Rule 68 offer of settlement to cover costs must clearly say so:

> If an offer recites that costs are included or specifies an amount for costs, and the plaintiff accepts the offer, the judgment will necessarily include costs; if the offer does not state that costs are included and an amount for costs is not specified, the court will be obliged by the terms of the Rule to include in its judgment an additional amount which in its discretion, it determines to be sufficient to cover the costs.

*Id.* at 6 (citation omitted). Here, attorney's fees are included within the definition of costs in the relevant statute, 42 U.S.C. § 1988. *See id.* at 8–9. Defendants concede that their Rule 68 offers did not mention, much less specify an amount for, costs. In such circumstances, their argument that the settlement offers nevertheless "clearly intended to include attorneys' fees," fails on the merits.

5

Nor is a contrary conclusion warranted based on the fact that plaintiffs' prayer for relief seeks costs, interest and attorneys' fees in addition to compensatory damages, punitive damages and a trial by jury, or on the fact that plaintiffs' substantive claims each list "costs and expenses" within the alleged damages.[2]  As the Supreme Court has stated in another context, attorney's fees may not "fairly be characterized as an element of" damages on a substantive claim.  *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 452 (1982) (stating that "attorney's fees allowed under § 1988 are not compensation for the injury giving rise to an action" and "[t]heir award is uniquely separable from the cause of action to be proved at trial"); *see Lima v. Newark Police Dep't*, 658 F.3d 324, 332 (3d Cir. 2011) (invoking *White* in rejecting argument that reference to "all of Plaintiff's claims for relief" in a Rule 68 offer covered attorney's fees).  Indeed, within the complaint's prayer for relief, plaintiffs expressly seek prospective "costs and interest and attorney's fees" *in addition to* compensatory damages.

3.      Relationship of Fee Award to Results Obtained

We review a district court's award of attorney's fees for abuse of discretion.  *See Townsend v. Benjamin Enters., Inc.*, 679 F.3d at 58.  Defendants submit that the district court abused its discretion in awarding fees in an amount "nine times greater than the inconsequential recovery accepted by" plaintiffs.  In an affidavit filed in the district court in support of their memorandum of law, defendants stated only that a fee award "pursuant to Federal Law must bear some basis to the actual success[] of the Plaintiffs."  Lacking specificity or citation to legal authority, this statement is insufficient to preserve the argument for appeal.  *See In re Nortel*

---

[2] Because this argument is meritless, we need not reach plaintiffs' contention that defendants failed adequately to preserve the argument for appeal.

6

*Networks Corp. Sec. Litig.*, 539 F.3d 129, 133 (2d Cir. 2008) (declining to consider argument regarding reasonableness of fee award in securities fraud case where the plaintiff "offered no reason" for failure to raise argument or cite relevant authority to the district court). To the extent Defendants call the district court's lack of in-depth analysis of this argument "inexplicable," it is, in fact, easily explained by Defendants' memorandum of law, which argued only that (1) Plaintiffs were not "prevailing parties" within the meaning of the fee-shifting provision in 42 U.S.C. § 1988, and (2) the Rule 68 offer of judgment encompassed costs in any event. At no time did Defendants challenge the amount of costs sought as disproportionate. The argument is unpreserved, and we will not decide it.

Even if we were to consider this argument, defendants would not be entitled to a reduction in the fee amount. The amount of attorney's fees to be awarded under § 1988 is committed to the discretion of the district court. *See Townsend v. Benjamin Enters., Inc.*, 679 F.3d at 58. The combined $30,000 recovery by plaintiffs is not "nominal" so as to preclude any fee award. *See Farrar v. Hobby*, 506 U.S. 103, 115 (1992). And, furthermore, "we have repeatedly rejected the notion that a fee may be reduced merely because the fee would be disproportionate to the financial interest at stake in the litigation." *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005).

While the total amount of fees and the hourly rates charged by counsel in this case could give pause, defendants neither object to those rates nor demonstrate any abuse of discretion relating to the calculation of the fee award.

The judgment of the district court is AFFIRMED.

7