14-3817-cv(L)
*Donald J. Steiner, Dax Labs, LLC v. Lewmar, Inc., Lewmar, Ltd.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

———————

August Term 2015

(Argued: October 26, 2015     Decided: March 7, 2016)

Docket No. 14-3817-cv(L), 14-4002-cv(XAP)

———————

DONALD J. STEINER, DAX LABS, LLC,

*Plaintiffs-Appellants-Cross-Appellees*,

*v.*

LEWMAR, INC., LEWMAR, LTD.,

*Defendants-Appellees-Cross-Appellants*.

———————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

———————

Before:

KATZMANN, *Chief Judge*, CHIN, *Circuit Judge*,
and CASTEL, *District Judge*.[*]

———————

---

[*]     The Honorable P. Kevin Castel, of the Southern District of New York, sitting by designation.

Cross-appeals from a post-judgment order of the United States District Court for the District of Connecticut (Squatrito, *J.*). After plaintiffs accepted defendants' Rule 68 offer of judgment and the district court entered judgment dismissing all claims, plaintiffs moved for attorneys' fees and costs under an attorneys' fee provision in the parties' contract and under the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110g(d). The district court denied attorneys' fees but awarded costs. We affirm the denial of fees under the parties' agreement, but vacate and remand as to plaintiffs' request for fees under CUTPA. We affirm the award of costs.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.

---

> SCOTT R. LUCAS (Jeffrey S. Bagnell, *on the brief*), Lucas Bagnell Varga LLC, Southport, Connecticut, *for Plaintiffs-Appellants-Cross-Appellees*.
>
> GENE S. WINTER (Stephen Ball, *on the brief*), St. Onge Steward Johnston & Reens LLC, Stamford, Connecticut, *for Defendants-Appellees-Cross-Appellants.*

---

CHIN, *Circuit Judge*:

In this case, the parties seemingly resolved this matter in the district court when defendants made -- and plaintiffs accepted -- an offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure. In exchange for the

-2-

dismissal of "all claims," defendants agreed to the entry of judgment awarding plaintiffs $175,000 and granting injunctive relief. The offer of judgment, however, did not mention attorneys' fees or costs. After judgment was entered, plaintiffs moved for attorneys' fees of $383,804 and costs of $41,470. The district court denied attorneys' fees but awarded costs of $2,926. Plaintiffs appeal from the denial of fees, and defendants cross-appeal from the award of costs. We affirm in part, vacate in part, and remand.

## STATEMENT OF THE CASE

In January 2005, plaintiffs-appellants Donald J. Steiner and Dax Labs, LLC (together, "Steiner") and defendants-appellees Lewmar Inc. and Lewmar Ltd. (together, "Lewmar") entered into a contract (the "Agreement") that gave Lewmar the exclusive right to manufacture and sell Steiner's patented sailboat winch handle, a device used to control the lines and sails of a sailboat. The Agreement included the following provision:

> In the event of a dispute arising out of or in connection with this Agreement, the Party prevailing in such dispute shall be entitled to recover its reasonable expenses, costs and attorney's fees, in addition to all other appropriate relief.

Appellees' Suppl. App. at 303.

Disputes arose between the parties concerning Lewmar's performance of the Agreement. On December 4, 2009, Steiner brought this action in the United States District Court for the District of Connecticut seeking damages and equitable relief for violations of the Lanham Act, breach of contract, breach of the implied covenant of good faith and fair dealing, conspiracy for aiding and abetting, and unfair trade practices in violation of CUTPA. Lewmar filed counterclaims for a declaration that its actions did not violate Steiner's rights.

On January 6, 2012, Steiner filed a motion for prejudgment remedy pursuant to Federal Rule of Civil Procedure 64 and Connecticut General Statutes § 52-278a *et seq.*, claiming actual damages between $478,318 and $634,678, with attorneys' fees amounting to $220,314 and projected to reach a total of $350,000 through trial. Steiner sought prejudgment relief apparently because of a concern that Lewmar did not have insurance to cover a judgment in Steiner's favor.

On December 2, 2013, ten days prior to a scheduled hearing on Steiner's motion for prejudgment remedy, Lewmar made an offer of judgment (the "Offer") pursuant to Rule 68 of the Federal Rules of Civil Procedure. The Offer provided that Lewmar would agree to the entry of judgment against it in

the amount of $175,000, and an injunction preventing it from various uses of Steiner's trademark. The Offer stated that:

> This action will be dismissed with prejudice including all claims that have been made or could have been made concerning the LiteTouch trademark, winch handles sold under the LiteTouch trademark, or the Agreement, except that the Court shall retain jurisdiction to enforce the terms of this offer.

Joint App. at 97. The Offer did not mention attorneys' fees or costs.

Steiner filed a timely Notice of Acceptance of the Offer. On December 13, 2013, the district court entered final judgment in Steiner's favor based upon the notice of acceptance. The judgment stated:

> This action is hereby dismissed with prejudice including all claims that have been made or could have been made concerning the LiteTouch trademark, winch handles sold under the LiteTouch trademark, or the Agreement, except that the Court shall retain jurisdiction to enforce the terms of this Judgment and Permanent Injunction.

Joint App. at 101.

On December 23, 2013, Steiner moved for attorneys' fees and costs as well as interest. Steiner sought fees: 1) under the prevailing party clause of the Agreement, and 2) pursuant to section 42-110g(d) of CUTPA.[1]

---

[1] Steiner also sought attorneys' fees under the Lanham Act, 15 U.S.C. § 1117(a), but has not challenged the district court's ruling on this point.

The district court denied Steiner's motion for attorneys' fees, holding that the language of the Offer and the Rule 68 judgment -- dismissing "all claims that have been made or could have been made concerning . . . the Agreement" -- precluded Steiner's claim for fees under the Agreement. Joint App. at 105. Steiner's request for costs under Rule 68 was granted, provided that Steiner file a verified bill of costs in compliance with Local Civil Rule 54. The district court also awarded post-judgment interest pursuant to 28 U.S.C. § 1961(a).

With respect to the CUTPA claim, the district court held that, because judgment had been entered by agreement of the parties without any findings having been made, "the particular circumstances of this case do not warrant an award of attorney's fees or costs under CUTPA." Joint App. at 108.

These appeals followed.

### *DISCUSSION*

Federal Rule of Civil Procedure 68 provides that: "[a]t least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68(a). If, within 14 days, the opposing party accepts the offer in writing, either side may file the offer and notice of acceptance, and "[t]he clerk must then enter judgment." Fed. R. Civ. P. 68(a). If the opposing party

does not accept the offer, it must pay the "costs" incurred after the offer was made if it does not obtain a judgment "more favorable than the unaccepted offer." Fed. R. Civ. P. 68(d).

Rule 68 is a cost-shifting rule intended to encourage settlement and avoid protracted litigation. *Marek v. Chesny*, 473 U.S. 1, 5 (1985). Rule 68 offers of judgment and acceptances thereof are contracts to be interpreted according to ordinary contract principles. *Goodheart Clothing Co. v. Laura Goodman Enters., Inc.*, 962 F.2d 268, 272 (2d Cir. 1992). Rule 68 offers of judgment, however, are different from other contract offers in that they carry legal consequences: a party that rejects a Rule 68 offer may be subject to the cost-shifting provision of Rule 68(d) if it does not obtain a more favorable judgment. *See Sanchez v. Prudential Pizza, Inc.*, 709 F.3d 689, 692 (7th Cir. 2013). Hence, as discussed more fully below, ambiguities will be construed against the party making the offer. *Id.* at 692 ("[B]ecause the consequences of a Rule 68 offer are so great, the offering defendant bears the burden of any silence or ambiguity concerning attorney fees."). We review *de novo* a district court's interpretation of a Rule 68 offer. *Goodheart Clothing*, 962 F.2d at 272-73.

The issue presented is whether, under the terms of the Offer, Steiner is entitled to recover attorneys' fees and costs in addition to the relief awarded in the judgment.

## I.     Attorneys' Fees

### a.     Applicable Law

Whether a Rule 68 judgment encompasses claims for attorneys' fees authorized to prevailing parties by statute or contract depends on the terms of the accepted offer. "[W]here the language of the contract [*i.e.*, the Rule 68 offer and acceptance thereof] is clear and unambiguous, the contract is to be given effect according to its terms." *Lee v. BSB Greenwich Mortg. Ltd. P'ship*, 267 F.3d 172, 178 (2d Cir. 2001) (quoting *Barnard v. Barnard*, 214 Conn. 99, 110 (1990)). If a Rule 68 offer unambiguously includes attorneys' fees, plaintiffs may not accept the offer and then apply to the court for fees in addition to the accepted settlement. *See Goodheart Clothing*, 962 F.2d at 272 ("[I]f a writing, or the term in question, appears to be plain and unambiguous on its face, its meaning must be determined from the four corners of the instrument . . . ." (quoting John D. Calamari & Joseph M. Perillo, *Contracts* 166-67 (3d ed. 1987))); *Util. Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc.*, 298 F.3d 1238, 1243 (11th Cir. 2002) ("An offer that . . . unambiguously include[s] attorneys' fees . . . will bar the

plaintiff who accepts it from seeking additional attorneys' fees under the relevant statute . . . ."); *Nordby v. Anchor Hocking Packaging Co.*, 199 F.3d 390 (7th Cir. 1999) (affirming denial of attorneys' fees where plaintiff accepted an unambiguous offer); *see also Marek*, 473 U.S. at 6-7 ("If defendants are not allowed to make lump-sum offers that would, if accepted, represent their total liability, they would understandably be reluctant to make settlement offers.").  If the terms of a contract are clear, courts must "take care not to alter or go beyond the express terms of the agreement, or to impose obligations on the parties that are not mandated by the unambiguous terms of the agreement itself."  *Red Ball Interior Demolition Corp. v. Palmadessa*, 173 F.3d 481, 484 (2d Cir. 1999).  The simplest way for parties to avoid ambiguity -- and the risk of further litigation -- is to refer explicitly to "attorneys' fees" in the written Rule 68 offer.

Where an offer is silent on attorneys' fees there may be a question as to whether fees are included and whether claims for fees will be extinguished. *See Hennessy v. Daniels Law Office*, 270 F.3d 551, 553 (8th Cir. 2001); *Nordby*, 199 F.3d at 392 ("'[J]udgment' can mean either the substantive relief ordered (whether legal or equitable), or that plus attorneys' fees.  The defendants . . . failed to indicate which they meant, and this made their offer ambiguous.").  Courts have generally held that such ambiguities will be construed against the offeror.  *See*

*Sanchez*, 709 F.3d at 692; *Util. Automation 2000, Inc.*, 298 F.3d at 1244 ("[T]he responsibility for clarity and precision in the offer must reside with the offeror."); *Nusom v. Comh Woodburn, Inc.*, 122 F.3d 830, 833-34 (9th Cir. 1997) ("[I]t is incumbent on the defendant making a Rule 68 offer to state clearly that attorney fees are included as part of the total sum for which judgment may be entered if the defendant wishes to avoid exposure to attorney fees in addition to the sum offered plus costs.").

A contract is ambiguous if it is "reasonably susceptible of more than one interpretation," and unambiguous if it has "a definite and precise meaning, unattended by danger of misconception in the purport of the [contract] itself, and concerning which there is no reasonable basis for a difference of opinion." *Goodheart Clothing*, 962 F.2d at 272 (alteration in original) (first quoting *Burger King Corp. v. Horn & Hardart Co.*, 893 F.2d 525, 527 (2d Cir. 1990); then quoting *Hunt Ltd. v. Lifschultz Fast Freight, Inc.*, 889 F.2d 1274, 1277 (2d Cir. 1989)).

Courts are not required to find contract language ambiguous where "the interpretation urged by one party would 'strain[] the contract language beyond its reasonable and ordinary meaning.'" *Hunt*, 889 F.2d at 1277 (alteration in original) (quoting *Bethlehem Steel Co. v. Turner Constr. Co.*, 2 N.Y.2d 456, 459 (1957)). Thus, although use of the words "attorneys' fees" is the best practice, an

offer that does not use these exact words may nonetheless be unambiguous. *See Nordby*, 199 F.3d at 393 (rejecting "a magic-words approach . . . in favor of an approach . . . that gives effect to an unambiguous offer even if it does not mention attorneys' fees explicitly").

### b. Application

We consider separately Steiner's claims for attorneys' fees under the Agreement and under CUTPA.

### i. Attorneys' Fees Under the Agreement

We agree with the district court that Steiner's acceptance of the Offer fully resolved the claim for attorneys' fees under the Agreement.

First, the plain wording of the Offer supports the conclusion that claims for attorneys' fees under the Agreement are covered. The Offer provided for the dismissal with prejudice of "all claims that have been made or could have been made concerning . . . the Agreement." Joint App. at 97. The Agreement provides that with respect to any dispute arising out of the Agreement, the prevailing party is entitled to reasonable attorneys' fees. Any contractual claim for reasonable attorneys' fees brought pursuant to the Agreement necessarily "concern[s]" the Agreement. Hence, the language of the Offer unambiguously includes a claim for attorneys' fees under the Agreement.

-11-

Second, the context makes clear that the parties intended to include contractual claims for attorneys' fees. *See Law Deb. Trust Co. of N.Y. v. Maverick Tube Corp.*, 595 F.3d 458, 466 (2d Cir. 2010) ("An ambiguity exists where the terms of the contract 'could suggest more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business.'" (quoting *Int'l Multifoods Corp. v. Commercial Union Ins. Co.*, 309 F.3d 76, 83 (2d Cir. 2002))). In determining whether the contract is ambiguous, a court looks at the contract as a whole "in light of the circumstances present when the contract was entered." *Turner Constr. Co. v. Ace Prop. & Cas. Ins. Co.*, 429 F.3d 52, 58 (2d Cir. 2005) (quoting *Nat'l Union Fire Ins. Co. v. CBI Indus., Inc.*, 907 S.W.2d 517, 520 (Tex. 1995)).

Steiner had made claim for attorneys' fees at the time of the Offer, as Steiner had sought attorneys' fees in a motion for prejudgment remedy. *See* Appellees' Suppl. App. at 145. In an affidavit accompanying the motion, Steiner asserted that Lewmar continued to act "in clear violation of the intent and terms of the Agreement." *Id.* at 155. In the same paragraph, Steiner stated that the "[a]ttorneys' fees and costs to date on my ca[s]e are approximately $220,314 and

are projected to total $350,000 through trial and any post-trial proceedings." *Id.* The motion for prejudgment remedy sought a total of $1,065,000 against Lewmar, which included actual and projected attorneys' fees of $350,000. *Id.* at 155-56. When attorneys' fees are sought by motion, the act of seeking them is fairly embraced in the word "claim." *See* Fed. R. Civ. P. 54(d)(2)(A) (instructing that a "claim for attorney's fees" be made by motion); *Omega Eng'g, Inc. v. Omega, S.A.*, 432 F.3d 437, 446 (2d Cir. 2005) ("In determining whether the language in a contract is ambiguous, the words must be given 'their natural and ordinary meaning.'" (quoting *United Illuminating Co. v. Wisvest-Conn., LLC*, 259 Conn. 665, 670 (2002))). Therefore, Steiner's demand for attorneys' fees was a claim concerning the Agreement that had already been made at the time of the Offer, and both parties were acutely aware of Steiner's pending claim for fees at the time of the Offer. In opposing the motion for a prejudgment remedy, Lewmar specifically contested the attorneys' fee claim. Furthermore, the Rule 68 Offer was made just ten days before the scheduled hearing on the motion for prejudgment remedy.

Under all the circumstances, it is highly unlikely that the parties intended to resolve the case for $175,000 while leaving open the significant possibility of litigation over some $383,000 in attorneys' fees. The primary goal

-13-

of contract interpretation is to "effectuate the intent of the parties as manifested by the language used in the contract." *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 598 (2d Cir. 2005). A fair and natural reading of the language "dismissed with prejudice including all claims that have been made or could have been made concerning . . . the Agreement" conveys the parties' attempt to settle all the pending claims related to the Agreement. *See Lee v. BSB Greenwich Mortg. Ltd. P'ship*, 267 F.3d 172, 179 (2d Cir. 2001) ("[T]he intent of the parties is to be ascertained by a fair and reasonable construction of the written words and . . . the language used must be accorded its common, natural, and ordinary meaning and usage where it can be sensibly applied to the subject matter of the contract.") (quoting *Barnard*, 214 Conn. at 110)).

Steiner argues that because attorneys' fees under the Agreement could be claimed only after one party becomes the "prevailing party," it was not a claim that "ha[d] been made or could have been made" at the time of the Offer, and therefore was not encompassed by the Rule 68 judgment. This ripeness argument is not convincing, and is belied by the fact that Steiner had already made a claim for attorneys' fees in his motion for prejudgment remedy. *See Arronwood Indem. Co. v. King*, 699 F.3d 735, 739-40 (2d Cir. 2012) ("[A] court will not torture words to import ambiguity where the ordinary meaning leaves no

-14-

room for ambiguity. . . . Similarly, any ambiguity in a contract must emanate from the language used in the contract rather than from one party's subjective perception of the terms." (quoting *Conn. Med. Ins. Co. v. Kulikowski*, 286 Conn. 1, 6 (2008))).

Because claims under the Agreement were unambiguously included in the Offer, Steiner was precluded from seeking fees pursuant to the Agreement in addition to the $175,000 settlement amount.

### ii. Attorneys' Fees Under CUTPA

Steiner's claim for attorneys' fees under CUTPA[2] requires a separate analysis, for the question here is whether the language of the Offer unambiguously encompassed claims for attorneys' fees under CUTPA. We think there is some ambiguity here.

The Offer provided for the dismissal of "all claims that have been made or could have been made concerning the LiteTouch trademark, [or] winch handles sold under the LiteTouch trademark." Joint App. at 97. While the

---

[2] Section 42-110g(d) of Connecticut General Statutes provides in pertinent part:

> In any action brought by a person under [CUTPA], the court may award, to the plaintiff, in addition to the relief provided in this section, costs and reasonable attorneys' fees based on the work reasonably performed by an attorney and not on the amount of recovery.

-15-

substantive claims under CUTPA are encompassed by the language "all claims" relating to the LiteTouch trademark or winch handles sold under that mark, it is unclear whether that language encompasses claims for attorneys' fees under CUTPA. In contrast to the contractual claim for attorneys' fees, which derived its source of authority directly from the Agreement and thus clearly fell within the language of the Offer, the claim for attorneys' fees under CUTPA arguably does not fall within the language of the Offer. The claim for attorneys' fees under CUTPA arguably is not encompassed by the language "all claims . . . concerning the LiteTouch trademark, winch handles sold under the LiteTouch trademark, or the Agreement."

Indeed, courts have held that statutory attorneys' fees claims are not unambiguously encompassed in a Rule 68 offer when the offer refers to substantive claims but does not explicitly refer to attorneys' fees. *See Sanchez*, 709 F.3d at 690-91; *Lima v. Newark Police Dep't*, 658 F.3d 324, 332 (3d Cir. 2011). In *Lima*, the Third Circuit held that an offer covering "all of Plaintiff's claims for relief" did not explicitly encompass attorneys' fees under § 1988, as a request for attorneys' fees under § 1988 is "collateral to the main cause of action" and thus not a "claim" included in the offer. 658 F.3d at 332. Similarly, in *Sanchez*, the Seventh Circuit determined that a Rule 68 offer including "all of Plaintiff's claims

-16-

for relief" was ambiguous as to whether attorneys' fees were included because it failed to specify the claims in question. 709 F.3d at 692-93. In so holding, the Seventh Circuit distinguished its prior decision in *Nordby*, where it had found that the term "judgment in the amount of $56,003.00 plus $1000 in costs as one total sum as to all counts of the amended complaint" was sufficiently clear so as to include fees, where one of the "counts" was a statutory claim for attorneys' fees. *Id.* at 693 (citing *Nordby*, 199 F.3d at 391-92).

Under ordinary contract principles, we would next look to the extrinsic evidence to determine the intent of the parties. As noted above, however, the Rule 68 context is different. The ambiguity must be resolved against the offeror, as Rule 68 offerees are at risk for costs if the ultimate award is less favorable than the offer. *See id.* at 694-95; Fed. R. Civ. P. 68(d). A rule that requires defendants to clearly state whether attorneys' fees are included also complies with the policy underlying Rule 68, which is to encourage settlement and avoid protracted litigation. *Marek*, 473 U.S. at 6-9.

Here, because the Offer did not unambiguously encompass claims for attorneys' fees under CUTPA, Steiner was not precluded from seeking attorneys' fees under CUTPA.

That holding does not end the inquiry, however, for an award of attorneys' fees under CUTPA is discretionary. *Fabri v. United Techs. Int'l, Inc.*, 387 F.3d 109, 128-29 (2d Cir. 2004) (citing *Gargano v. Heyman*, 203 Conn. 616, 622 (1987)). Whether attorneys' fees are appropriate under CUTPA "lie[s] within the discretion of the trial court, which is in the best position to evaluate the particular circumstances of a case." *Heller v. D.W. Fish Realty Co.*, 93 Conn. App. 727, 734 (2006) (quoting *LaMontagne*, 61 Conn. App. at 63-64). The exercise of discretion "will not ordinarily be interfered with on appeal" unless the "abuse is manifest" or "injustice appears to have been done." *Sturman v. Socha*, 191 Conn. 1, 7 (1983). "The salient inquiry is whether the court could have reasonably concluded as it did. . . . [T]he term abuse of discretion does not imply a bad motive or wrong purpose but merely means that the ruling appears to have been made on untenable grounds." *Thames River Recycling, Inc. v. Gallo*, 50 Conn. App. 767, 800 (1998).

The district court denied Steiner attorneys' fees under CUTPA, concluding that:

> judgment was entered in this case by agreement of the parties pursuant to Rule 68 of the Federal Rules of Civil Procedure without any findings having [been] made. The Court concludes that the particular circumstances

of this case do not warrant an award of attorney's fees or costs under CUTPA.

Joint App. at 108.

We are unsure from this language whether the district judge denied attorneys' fees under CUTPA merely because judgment had been entered pursuant to Rule 68, or because it concluded, in the exercise of its discretion, that an award of attorneys' fees was not warranted in the circumstances of the case. If the district court did not consider the claim for fees on the merits but rejected it simply because it believed the Rule 68 judgment precluded a claim for attorneys' fees under CUTPA, that would be an abuse of discretion. *See Goodheart Clothing*, 962 F.2d at 273 (holding that when district court is authorized to award attorneys' fees, it is an abuse of discretion not to consider whether it should do so).

Accordingly, we remand for the district court (1) to clarify whether it considered the claim for attorneys' fees under CUTPA on the merits and, (2) if not, to do so. We express no view as to whether an award of attorneys' fees under CUTPA is warranted.

**II. Costs**

The district court granted Steiner costs pursuant to Rule 68.[3] On appeal, Lewmar argues that the district court erred in awarding costs under Rule 68 because the Offer encompassed all post-judgment remedies.

In *Marek v. Chesny*, the Supreme Court held that a valid Rule 68 offer always includes costs, whether or not specified, because Rule 68 authorizes such an offer only with costs then accrued. 473 U.S. at 6-9; *accord Barbour v. City of White Plains*, 700 F.3d 631, 634 (2d Cir. 2012). "[I]f the offer does not state that costs are included and an amount of costs is not specified, the court will be obliged by the terms of the Rule to include in its judgment an additional amount which in its discretion, it determines to be sufficient to cover the costs." *Marek*, 473 U.S. at 6 (internal citation omitted).

The Offer neither states that costs are included nor specifies an amount. Under the circumstances, *Marek* clearly holds that they be added. *See Barbour*, 700 F.3d at 633-34 (where Rule 68 offer "did not mention, much less specify an amount for, costs," the argument that the offer nevertheless clearly

---

[3] Steiner initially requested $41,470.31 in costs. In its September 25, 2014 order, the district court concluded that Steiner was entitled to costs, but found that some of the costs itemized by Steiner included items that may not be taxable as costs under the Local Rules of Civil Procedure. The district court directed Steiner to file a verified bill of costs that complies with the requirements of Local Civil Rule 54. Steiner subsequently filed a verified bill of costs amounting to $2,926.95.

intended to include them "fails on the merits"). Thus, the district court correctly

added costs under the "costs then accrued" provision of Rule 68.

### *CONCLUSION*

For the reasons set forth above, the order of the district court is

AFFIRMED in part, VACATED in part, and REMANDED for further

proceedings consistent with this opinion.