15-3039-cv
*Sattar v. U.S. Dep't of Homeland Sec.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007 is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

       **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of September, two thousand sixteen.**

PRESENT:    JOHN M. WALKER, JR.,
                JOSÉ A. CABRANES,
                RAYMOND J. LOHIER, JR.,
                        *Circuit Judges.*

---

MOHAMMAD SATTAR,

        *Plaintiff-Appellant,*                    15-3039-cv

        v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY, UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, JOHN ULIANKO, an individual, MARTIN MCRIMMON, an individual, JEH JOHNSON, in his official capacity as Secretary of the U.S. Department of Homeland Security,

        *Defendants-Appellees.*[*]

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

**FOR PLAINTIFF-APPELLANT:**     Alexander T. Coleman, Borrelli & Associates, P.L.L.C., Great Neck, NY.

**FOR DEFENDANTS-APPELLEES:**     Mónica P. Folch, Benjamin H. Torrance, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Gabriel W. Gorenstein, *Magistrate Judge*).[1]

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-appellant Mohammad Sattar ("Sattar") appeals from a September 14, 2015 judgment of the District Court, granting summary judgment for defendants-appellees on his retaliation claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*[2] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a grant of summary judgment *de novo*, viewing the facts "in the light most favorable to the non-moving party and draw[ing] all reasonable inferences in that party's favor." *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 271 (2d Cir. 2011). Summary judgment is warranted where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks omitted).

Sattar alleges that in 2009 his supervisor at the Federal Protective Service ("FPS") of the Department of Homeland Security failed to promote him to the position of Budget Analyst in

---

[1] Upon the consent of the parties and pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the District Court referred the case to Magistrate Judge Gorenstein for all purposes, including the entry of final judgment.

[2] In the District Court, Sattar also brought claims for discrimination on the basis of religion, national origin, sex, and age, and for a hostile work environment, under Title VII and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, as well as various Title VII retaliation claims. On appeal, Sattar challenges only the dismissal of his Title VII retaliation claim with respect to defendants' decision not to select him in 2009 for the position of Budget Analyst.

retaliation for Sattar's filing an equal employment opportunity ("EEO") complaint in 2005. We analyze Title VII retaliation claims under the well-known *McDonnell Douglas* burden-shifting framework. Under that framework, a plaintiff must first establish a *prima facie* case by showing "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010) (internal quotation marks omitted); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). "This showing creates a presumption of retaliation, which the defendant may rebut by articulating a legitimate, non-retaliatory reason for the adverse employment action." *Chen v. City Univ. of N.Y.*, 805 F.3d 59, 70 (2d Cir. 2015) (internal quotation marks and brackets omitted). "If the defendant provides such an explanation, the presumption of retaliation dissipates, and the plaintiff must prove that the desire to retaliate was the but-for cause of the challenged employment action." *Id.* (citation and internal quotation marks omitted).

We follow the District Court in assuming *arguendo* that Sattar has established a *prima facie* case,[3] and Sattar concedes that defendants have articulated a legitimate reason for not selecting him—namely, that the candidate they did select, Viola Smith, was better qualified. Accordingly, we focus here on whether Sattar has presented evidence from which a reasonable jury could conclude that defendants' desire to retaliate was the but-for cause of their selecting Smith rather than Sattar. *Cf. Chen*, 805 F.3d at 70 (assuming a *prima facie* case of retaliation and focusing on the third step of the *McDonnell Douglas* analysis).

---

[3] Defendants argue that Sattar has failed to make a *prima facie* case. In his reply brief, Sattar asserts that defendants forfeited this argument by failing to present it below. Pl. Reply Br. 3–4. Specifically, Sattar contends, defendants forfeited their argument "that Sattar has failed to establish the causal connection element of his *prima facie* case." *Id.* at 5.

Not so. Defendants argued in their summary-judgment papers that Sattar failed to establish a *prima facie* case of retaliation, and in particular that Sattar "cannot show that his protected activity motivated his non-selection [in 2009], as it happened a full three years after his previous EEO Complaint in March 2006." Def. Mem. Supp. Mot. Summ. J. at 30; *see also id.* at 20–21 (supporting the proposition that "that a long delay between the protected conduct and the adverse action precludes an inference of a causal connection"); Def. Reply Mem. Supp. Mot. Summ. J. at 8 ("Sattar has shown no facts that support any reasonable inference that the non-promotion was causally related to his protected activity . . . ."). Sattar—whose appellate counsel also represented him before the District Court—was surely aware of these arguments, which he acknowledged before the District Court. *See* Pl. Mem. Opp. Mot. Summ. J. at 24–25 ("Defendants . . . dispute . . . whether a causal connection exists between the protected activity and the alleged adverse actions.").

We remind counsel of his obligation to avoid frivolous arguments. *See, e.g.*, N.Y. Rules of Prof'l Conduct 3.1(b) ("A lawyer's conduct is 'frivolous' for purposes of this Rule if . . . the lawyer knowingly asserts material factual statements that are false.").

3

We conclude that Sattar has failed to do so. He first argues that defendants deviated from ordinary agency procedures during the hiring process. But Sattar forfeited this argument by failing to raise it before the District Court. *See In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 132 (2d Cir. 2008) ("It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." (brackets and internal quotation marks omitted)). Sattar contends that he presented this issue in the Counterstatement of Disputed Material Facts he submitted pursuant to Local Civil Rule 56.1. But Rule 56.1 statements "are statements of fact rather than legal arguments." *See Stichting Ter Behartiging Van de Belangen Van Oudaandeelhouders In Het Kapitaal Van Saybolt Int'l B.V. v. Schreiber*, 407 F.3d 34, 45 (2d Cir. 2005) (internal quotation marks omitted). A bare factual statement, unaccompanied by any reasoned argument or citation to legal authority, is insufficient to preserve an argument for appellate review. *See Barbour v. City of White Plains*, 700 F.3d 631, 634 (2d Cir. 2012).

Sattar next relies on a few disparate comments by other employees, which, he contends, evidence their negative views of Sattar's EEO complaints. Even if we assume *arguendo* that these comments suggest retaliatory animus, Sattar has presented no evidence that would permit a reasonable juror to view that animus as causally connected to the decision to promote Smith over Sattar. For instance, although Sattar places great weight on comments by defendant-appellee John Ulianko, Ulianko was not involved in the selection process at issue here, and Sattar has not presented any theory as to how Ulianko's purported animus might have translated into Sattar's non-selection. The same is true with respect to a 2008 email from Dennis McGowan, an FPS manager who was not involved in the selection process, in which McGowan supposedly spoke negatively of Sattar's EEO activity.

Finally, having failed to point to any other probative evidence creating a genuine dispute as to any material fact, Sattar is left with the argument that he was more qualified than Smith. For this argument alone to preclude summary judgment, Sattar must show that his credentials were "so superior" to Smith's "that no reasonable person, in the exercise of impartial judgment, could have chosen [Smith] over [Sattar] for the job in question." *Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 103 (2d Cir. 2001) (internal quotation marks omitted). That is not the case here. In making this argument, Sattar relies entirely on the testimony of his supervisor, Miankanze Bamba, that Sattar was more qualified. But everyone else who compared the two candidates—including an independent evaluation conducted by U.S. Customs and Border Protection Human Resources Management— rated Sattar the least qualified of the three finalists for the position. None of the three interviewers who conducted the second round of interviews found Sattar to be the most qualified applicant. And while Sattar relies heavily on Bamba's testimony, Bamba rated another candidate more highly and testified that this other candidate should have been promote based on the respective interview performances of the three finalists. Bamba's view that Sattar was the second-most qualified for the job is insufficient to create a triable issue of fact as to whether Sattar was such a superior candidate that "no reasonable person" would have selected Smith over him. *Byrnie*, 243 F.3d at 103. While a

4

court "must ensure that employers do not act in a discriminatory fashion," it does "not sit as a super-personnel department that reexamines an entity's business decisions." *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 169 (2d Cir. 2014) (internal quotation marks omitted).

## CONCLUSION

We have reviewed all of the arguments raised by Sattar on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the September 14, 2015 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk