22-2329-cv (L)
*Parks v. Stevens, Wall*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**<u>SUMMARY ORDER</u>**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6ᵗʰ day of December, two thousand twenty-three.

PRESENT:    ROBERT D. SACK,
            GERARD E. LYNCH,
            MICHAEL H. PARK,
                 *Circuit Judges.*
_____

Holly Parks, as Administrator of the Estate
of her daughter Heather Roselli,

        *Plaintiff-Appellant–Cross-Appellee*,

        v.                                    No. 22-2329-cv;
                                              No. 22-2677-cv.

Paul Stevens, Jennifer Wall,

        *Defendants-Appellees–Cross-Appellants.*[*]
_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT–CROSS-APPELLEE:** | ANDREW G. CELLI, JR. (Ilann M. Maazel, Noel R. Leon, *on the brief*), Emery Celli Brinckerhoff Abady Ward & Maazel, LLP, New York, NY |

_____

        [*]The Clerk of Court is respectfully directed to amend the official caption as set forth above.

**FOR DEFENDANTS-APPELLEES–
CROSS-APPELLANTS:**

FREDERICK A. BRODIE, Assistant Solicitor General (Victor Paladino, Senior Assistant Solicitor General, and Barbara D. Underwood, Solicitor General, *on the brief*), *for* Letitia James, Attorney General for the State of New York, Albany, NY

Appeal from an order of the United States District Court for the Western District of New York (Frank P. Geraci, Jr., *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED IN PART** and **REVERSED IN PART**.

Plaintiff-Appellant–Cross-Appellee Holly Parks and Defendants-Appellees–Cross-Appellants Paul Stevens and Jennifer Wall (collectively, "Defendants") each appeal from an order of the United States District Court for the Western District of New York entered on August 29, 2022, granting in part and denying in part Defendants' Motion to Enforce the Judgment. Parks sued Defendants in federal court under 42 U.S.C. § 1983 and state law (the "federal action") on behalf of her daughter Heather Roselli, a developmentally disabled woman who died while in the care of the New York State Office for People with Developmental Disabilities. Separately, Parks sued the State of New York ("State") in the New York State Court of Claims based on the same underlying events (the "Court of Claims action"). In June 2022, Defendants served Parks with a Fed. R. Civ. P. 68 offer (the "Offer") in the federal action, and Parks timely accepted the Offer. The district court then entered judgment according to the terms of the Offer. The Offer provides, in relevant part:

Plaintiff shall, voluntarily and with prejudice, dismiss any and all claims for all damages arising from the facts alleged which were, are, or could be brought in this Court,

2

against any and all Named Defendants, including compensatory and punitive damages, for which the State of New York or any of its Agencies would be responsible to pay, whether directly or via indemnification, in exchange for a payment of two million, two hundred and fifty thousand ($2,250,000.00) dollars. Plaintiff's acceptance shall resolve all of these claims and shall preclude any further recovery or award beyond the amount stated in the offer prior to the offer's being filed.

Joint Appendix ("J.A.") 83.

Later, Defendants moved to enforce the judgment, seeking the district court's interpretation of the Offer. In resolving the motion, the district court concluded that Parks's acceptance of the Offer bars her from seeking attorneys' fees and costs in the federal action but does not bar her from proceeding with her Court of Claims action. Both sides appeal the district court's interpretation of the Offer.

"We review *de novo* a district court's interpretation of a Rule 68 offer." *Steiner v. Lewmar, Inc.*, 816 F.3d 26, 31 (2d Cir. 2016) (citation omitted). Once a party accepts a Rule 68 offer, it becomes a settlement agreement, and ordinary contract principles apply in interpreting its terms. *See Lilly v. City of New York*, 934 F.3d 222, 235 (2d Cir. 2019). That means that if "the terms of a contract are clear, courts must take care not to alter or go beyond the express terms of the agreement, or to impose obligations on the parties that are not mandated by the unambiguous terms of the agreement itself." *Id.* (internal quotation marks omitted), quoting *Steiner*, 816 F.3d at 32. But under the doctrine of *contra proferentem*, "ambiguities in the language of a Rule 68 offer of judgment are to be construed against the party making the offer." *Id.* at 236 (internal quotation marks and citation omitted). Courts employ this doctrine because "Rule 68 offerees are at risk for costs if the ultimate award is less favorable than the offer." *Steiner*, 816 F.3d at 35 (citations omitted). We assume the parties' familiarity with the underlying facts, the procedural

3

history of the case, and the issues on appeal.

## I.       Attorneys' Fees and Costs

Parks argues on her appeal that the Offer does not prohibit her from seeking attorneys' fees and costs. "Whether a Rule 68 judgment encompasses claims for attorneys' fees authorized to prevailing parties by statute or contract depends on the terms of the accepted offer." *Id.* at 31. A "party who intends a Rule 68 offer of settlement to cover costs must *clearly say so*." *Barbour v. City of White Plains*, 700 F.3d 631, 633 (2d Cir. 2012) (emphasis added). "If a Rule 68 offer unambiguously includes attorneys' fees, plaintiffs may not accept the offer and then apply to the court for fees in addition to the accepted settlement." *Steiner*, 816 F.3d at 31 (citations omitted). The simplest way to include such costs is to refer explicitly to "attorneys' fees" in the offer. *Id.* at 32. But "an offer that does not use these exact words may nonetheless be unambiguous." *Id.* (rejecting a "magic-words" approach).

Here, the district court concluded that the Offer bars Parks from recovering attorneys' fees, reasoning that the Offer unambiguously encompasses such fees by providing that Parks's acceptance "shall preclude any further recovery or award beyond the amount stated in the offer." We do not agree that this language is unambiguous. Although one plausible interpretation of the Offer is that the term "award" encompasses attorneys' fees, another equally plausible interpretation is that "any further recovery or award" is tied to the precedent statement that "Plaintiff's acceptance shall resolve all of *these* claims," which itself refers back to "any and all claims *for all damages*" in the preceding sentence of the Offer. J.A. 83 (emphases added). In other words, the Offer's language barring "any further recovery or award" could be interpreted as prohibiting Parks from receiving anything further on the damages claims, which parallels

language we have previously held insufficient to unambiguously encompass attorneys' fees. *See Barbour*, 700 F.3d at 633-34 (holding that a Rule 68 offer providing that it would settle "all claims pending against the defendants" did not unambiguously encompass attorneys' fees and costs); *see also Steiner*, 816 F.3d at 35 (noting that "courts have held that statutory attorneys' fees claims are not unambiguously encompassed in a Rule 68 offer when the offer refers to substantive claims but does not explicitly refer to attorneys' fees." (citations omitted)).

We therefore conclude that the specific terms of this Offer render it ambiguous as to whether it includes attorneys' fees and costs. Given that we must resolve ambiguities against the offeror in the Rule 68 context, *see Lilly*, 934 F.3d at 236, we conclude that the Offer does not preclude Parks from seeking attorneys' fees and costs. Accordingly, we reverse the district court's order on Parks's appeal.

## II. Court of Claims Action

Defendants cross appeal, arguing that the Offer prohibits Parks from proceeding with her Court of Claims action against the State. We agree with the district court that the Offer's terms do not bar Parks from doing so. The Offer specifically states that Parks must dismiss all claims for damages that "were, are, or could be brought in *this Court*, against any and all *Named Defendants*." J.A. 83 (emphases added). Parks could not have brought claims for damages against the State in federal court because of the State's sovereign immunity, and the State is accordingly not a Named Defendant in this action. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Artibee v. Home Place Corp.*, 28 N.Y.3d 739, 746 (2017) (noting that claims for money damages against the State must be brought in the Court of Claims); N.Y. Ct. Cl. Act § 8. The Offer therefore plainly does not apply to Parks's Court of Claims action.

5

We are not persuaded by Defendants' argument that the Offer's terms precluding "any further recovery or award" apply beyond *this* action to another, separate action in the Court of Claims. That expansive interpretation of the concluding sentence would flatly contradict the specific description of the claims being settled. Even assuming *arguendo* that the language of that sentence is sufficient to create some ambiguity, we must interpret such ambiguity against the offeror to conclude that the Offer does not prohibit Parks from proceeding with her Court of Claims action against the State. Accordingly, we affirm the district court's order on Defendants' cross-appeal.

\* \* \*

We have considered all of the parties' remaining arguments and find them to be without merit. For the foregoing reasons, the order of the district court is **REVERSED** to the extent it determined that the Offer bars Parks from seeking attorneys' fees in this action and **AFFIRMED** to the extent it determined that the Offer does not bar Parks from proceeding with her Court of Claims action.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6