21-1032-cv
Cooper v. Upstairs, Downstairs of New York, Inc.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of May, two thousand twenty-four.

PRESENT:   RAYMOND J. LOHIER, JR.,
                    ALISON J. NATHAN,
                    SARAH A. L. MERRIAM,
                            *Circuit Judges*.
------------------------------------------------------------------
MARK COOPER,

                    *Plaintiff-Appellee*,

DEREK SMITH LAW GROUP,
PLLC, ALEXANDER CABECEIRAS,

                    *Intervenors*,

         v.                                                                    No. 21-1032-cv

UPSTAIRS, DOWNSTAIRS OF NEW
YORK, INC., MICHAEL GRUMMONS,
ROBERT DEBENEDICITS, PAUL
GALLUCCIO,

                    *Defendants-Appellants*.
------------------------------------------------------------------

FOR APPELLANTS: THOMAS D. SHANAHAN,
Thomas D. Shanahan, P.C.,
New York, NY

FOR INTERVENORS: ALEXANDER G. CABECEIRAS,
Derek Smith Law Group,
PLLC, New York, NY

Appeal from an order of the United States District Court for the Southern District of New York (Sidney H. Stein, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the District Court is AFFIRMED.

Defendants-Appellants Upstairs, Downstairs of New York and Michael Grummons appeal from an order of the United States District Court for the Southern District of New York (Stein, *J.*) denying their post-trial motion for attorney's fees under 42 U.S.C. § 1988 and 28 U.S.C. § 1927 against Plaintiff Mark Cooper and Intervenor Derek Smith Law Group ("DSLG"), and awarding the Appellants costs accruing only after their April 23, 2019 offer of judgment under Federal Rule of Civil Procedure 68 because their March 23, 2019 offer was defective. We assume the parties' familiarity with the underlying facts and the

record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.[1]

## I. Attorney's Fees

The Appellants first argue that the District Court "erred in not awarding attorney['s] fees to Appellants to sanction [Cooper's] frivolous and vexatious litigation." Appellants' Br. 1. "Given the district court's inherent institutional advantages in this area," *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006), we review its decision to grant or deny a motion for attorney's fees pursuant to either § 1988 or § 1927 for abuse of discretion, *Panetta v. Crowley*, 460 F.3d 388, 399 (2d Cir. 2006); *In re 60 E. 80th St. Equities, Inc.*, 218 F.3d 109, 115 (2d Cir. 2000). Under § 1988, "a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 421 (1978); *see* 42 U.S.C. § 1988. Section 1927 provides that an attorney who "unreasonably and vexatiously" "multiplies the proceedings in [a] case" "may be required by the court" to pay attorney's fees

---

[1] This case was heard in tandem with *John Doe 1 v. East Side Club, LLC*, No. 23-1015-cv.

and costs, 28 U.S.C. § 1927, but also requires a showing of "subjective bad faith by counsel," *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 948 F.2d 1338, 1346 (2d Cir. 1991).

Here, the District Court found that Cooper's case was "not so frivolous, unreasonable, or without foundation as to warrant the award of fees." *Cooper v. Upstairs, Downstairs of New York, Inc.*, No. 18-CV-6426 (SHS), 2021 WL 1172477, at *8 (S.D.N.Y. Mar. 29, 2021) (quotation marks omitted). As the District Court pointed out, a jury rendered a verdict in favor of Cooper on some of his claims. And the Appellants themselves acknowledge that Cooper's action was not frivolous, given a recording of obvious misconduct by Grummons. *See* Appellants' Br. 22. That is enough for us to conclude that the District Court could properly decline to award attorney's fees to the Appellants pursuant to § 1988.

The District Court offered less of an explanation with respect to the motion for fees against DSLG under § 1927. However, because the District Court properly declined attorney's fees under § 1988, we conclude that the District Court did not abuse its discretion in denying the motion to sanction DSLG under § 1927, which also requires a showing of subjective bad faith.

4

## II. Rule 68 Offer of Judgment

The Appellants also argue that the District Court erred in awarding them costs accruing only after their second Rule 68 offer on April 23, 2019, despite the Rule 68 offer they submitted on March 23, 2019. Rule 68 states, in relevant part, that "a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued," Fed. R. Civ. P. 68(a), and "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made," Fed. R. Civ. P. 68(d). "We review *de novo* a district court's interpretation of a Rule 68 offer." *Steiner v. Lewmar, Inc.*, 816 F.3d 26, 31 (2d Cir. 2016).

Here, the Appellants made a Rule 68 offer on March 23, 2019 (the "First Offer") to settle the action for $50,000, payable to various alleged government creditors on Cooper's behalf.[2] Cooper rejected this offer because "it was not to [his] benefit but to the benefit of random entities." Dist. Ct. Dkt. No. 127, at 2.

---

[2] The offer proposed to make payment to "the Office of Child Support Enforcement, the United States Treasury, New York State Department of Taxation and Finance and Department of Health and Human Services, Medicare-Medicaid Fraud Enforcement Office." App'x 238.

The Appellants thereafter submitted a second offer of judgment on April 23, 2019 (the "Second Offer").

The District Court then determined that only the Second Offer was enforceable. We agree with the District Court. The First Offer was defective and thus not enforceable in at least one respect: it failed to state against whom judgment would be taken, as required under Rule 68. *See* Fed. R. Civ. P. 68(a) (providing that a Rule 68 offer is an "offer to allow judgment on specified terms"); *see also Marek v. Chesny*, 473 U.S. 1, 6 (1985) ("The critical feature of [Rule 68(a)] is that the offer be one that *allows judgment to be taken against the defendant . . . .*"). We therefore find no error with the District Court's Rule 68 determination or the award of costs to the Appellants only after the date of the Second Offer.

We have considered the Appellants' remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6